**Joseph J. HOUSE, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 00–4037.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 13, 2001.*

Decided Dec. 14, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

### ORDER

Joseph House is an accountant and a former IRS agent. In 1985 he incorporated Joseph J. House, Inc. (JJH), ostensibly for the purpose of conducting his accounting and return preparation business. In 1998 the Commissioner issued separate notices of deficiency against House and JJH for tax year 1994. House and JJH separately petitioned for redetermination, and the two petitions were subsequently consolidated for trial. At trial House proceeded pro se and also elected to appear on JJH's behalf, as the tax court rules permit him to do, *see* Tax Court Rule 24(b). The tax court ultimately concluded that JJH would be disregarded for federal income tax purposes because it "lacked economic substance and was merely a paper entity that engaged in no meaningful business activity." Based on this finding, the tax court held that JJH owed no income taxes and that House owed $28,544 in income taxes. House was also assessed a $21,408 civil fraud penalty under I.R.C. § 6663. House appealed the tax court's judgments as to him individually and as to JJH. The appeal of JJH is not at issue here–that appeal was dismissed because in this court House cannot represent JJH. *Scandia Down Corp. v. Euroquilt, Inc.,* 772 F.2d 1423, 1427 (7th Cir.1985) ("A 'corporation' is an abstraction, and abstractions cannot appear pro se.").

On appeal House first contends (although in a rather perfunctory fashion) that the tax court erred in imposing the civil fraud penalty. He seems to suggest in particular that the Commissioner failed to prove by clear and convincing evidence that he fraudulently intended to evade taxes. The tax court found, and we agree, that several indicia of fraud were present: House used his knowledge of the tax laws to disguise his income; he used JJH, as well as two other corporations he formed, to conceal his income and personal expenses by circulating funds among the three corporations for no business purpose and then using those funds to pay personal expenses; he deliberately mischaracterized JJH's business activity on its return as "sales" so that he could bury his personal expenses in cost of goods sold; he failed to maintain adequate records of his income and expenses; he engaged in a pattern of concealing assets from the Commissioner; he failed to cooperate during the audit; he intentionally mischaracterized items of income on his 1994 individual return; and he recommended his fraudulent scheme to others. *See Pittman v. Commissioner,*

100 F.3d 1308, 1319 (7th Cir.1996). In short, the Commissioner presented overwhelming evidence of fraudulent intent, and we see no basis on this record for concluding that the tax court committed clear error in imposing the civil fraud penalty. *See id.*

House next asserts that the tax court's finding of fraud was erroneous because the court was "biased and prejudiced against him." This argument is meritless. The tax court's decision to impose the civil fraud penalty was based on the evidence before it, and as we concluded above, its finding of fraud was not clearly erroneous.

House lastly argues that the tax court erred by "allowing" him to proceed on JJH's behalf at trial. According to House, he "had a conflict of interest in representing himself" and JJH. JJH's appeal was dismissed by this court, so this argument is not properly before us. To the extent House is asserting that his representation of JJH impeded his ability to represent himself, we reject that argument. First, House did not have the right to the assistance of counsel. If he had doubts about his dual representation, then he should have hired a lawyer. Second, House overlooks that he alone chose to proceed on JJH's behalf, *see* Tax Court Rule 24(b), and thus any prejudice allegedly resulting from the dual representation was self-inflicted.

AFFIRMED