T.C. Memo. 2007-53

UNITED STATES TAX COURT

LLOYD T. ASBURY, ATTORNEY AT LAW, P.A., Petitioner
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13589-05.                    Filed March 6, 2007.

Lloyd T. Asbury (an officer), for petitioner.

<u>Monica J. Miller</u>, for respondent.

MEMORANDUM OPINION

WHALEN, <u>Judge</u>:  This case is before the Court to
decide respondent's motion to dismiss for lack of
jurisdiction.  The substantive issues in the case involve a
notice of deficiency issued to petitioner, Lloyd T. Asbury,
Attorney At Law, P.A., in which respondent determined a

deficiency and penalties in petitioner's corporate income tax for 1997. Respondent moves to dismiss the case for lack of jurisdiction on the ground that no proper person has petitioned this Court on petitioner's behalf.

The petition alleges that petitioner is "an involuntarily dissolved Florida Professional Corporation" and that Lloyd T. Asbury is "an indigent former Florida attorney presently incarcerated in the Florida State Prison System". The petition also alleges that Mr. Asbury "was the only director and shareholder of Petitioner during its corporate existence." Mr. Asbury signed the petition without a title or any indication that he signed on petitioner's behalf.

Respondent moves to dismiss this case for lack of jurisdiction and has yet to answer the petition. We reject petitioner's assertion that respondent was required to file the subject motion within the time specified by Rule 36(a) of the Tax Court Rules of Practice and Procedure (hereinafter all Rule references are to the Tax Court Rules of Practice and Procedure). Respondent's motion to dismiss can be made at any time because it goes to the jurisdiction of the Court. See, e.g., <u>David Dung Le, M.D., Inc. v. Commissioner</u>, 114 T.C. 268, 269 (2000), affd. 22 Fed. Appx.

837 (9th Cir. 2001); <u>Starvest U.S., Inc. v. Commissioner</u>, T.C. Memo. 1999-314.

Respondent's motion asserts that the case must be dismissed because it "was not brought by a party with the capacity to engage in litigation in this Court." Respondent's motion notes that, pursuant to Rule 60(c), the capacity of a corporation to engage in litigation in this Court is determined in accordance with the law of the State in which the corporation was organized. According to respondent's motion, under Florida law, "only a licensed attorney may represent a corporation in court." Respondent's motion points out that Mr. Asbury was not a licensed attorney when he filed the instant petition and, thus, he "lacked the capacity to file such action pursuant to T.C. Rule 60."

In a supplement to petitioner's notice of objection, Mr. Asbury asserts, on petitioner's behalf, that petitioner was incorporated in the State of Florida in 1986 and was administratively dissolved in 2002 for failure to file its corporate annual report and to pay the necessary fees to renew its corporate charter. According to Mr. Asbury, during petitioner's existence, he was its "only officer (president, secretary and treasurer)" and he signed all corporate documents in that capacity. Mr. Asbury cites

Rule 60(c) and asserts that under Florida law, an administratively dissolved corporation is not precluded from bringing an action in its corporate name. He claims authority to represent petitioner, pursuant to Rule 24(b), as petitioner's only corporate officer.

Respondent's reply to the supplement to petitioner's notice of objection does not deny any of the facts alleged by petitioner. Respondent's reply also makes it plain that it is not petitioner's status as an administratively dissolved Florida corporation that is the basis for respondent's position that the instant petition must be dismissed for lack of jurisdiction. Respondent concedes that "petitioner is entitled to bring this action" on the basis of Fla. Stat. Ann. secs. 607.1405 and 607.1421 (West 2001). Those provisions of the Florida Statutes, according to respondent, "allow administratively dissolved corporations to carry on or defend an action in their corporate name."

Respondent's position is that petitioner, as represented by Mr. Asbury, did not have the capacity to file the instant petition because Mr. Asbury was not authorized under Florida law to file the instant petition on petitioner's behalf. Respondent argues that, under Rule 60(c), the capacity of a representative to litigate in this

Court is determined under the law of the jurisdiction where the authority is derived.

According to respondent, "Nothing in the law [of the State of Florida] * * * grants authority to a former officer, director, or shareholder, to represent a dissolved corporation in a representative capacity."  Furthermore, respondent cites a number of cases holding that "in Florida, it is well established that only a licensed attorney may represent a corporation in court."  Respondent points out that Mr. Asbury is not currently licensed to practice law in Florida or in any other jurisdiction. Accordingly, respondent argues that Mr. Asbury "lacked the capacity to file" the instant petition and the Court lacks jurisdiction to consider it.

Respondent acknowledges that "Rule 24(b) allows for a corporation to be represented by an <u>authorized</u> officer of the corporation in Tax Court."  However, respondent argues that "while Rule 24(b) allows for a corporation to be represented by an 'authorized officer', it does not allow for a <u>dissolved</u> corporation to be represented by a <u>former</u> officer."  According to respondent, the purpose of Rule 24(b) is to limit to "officers" of the corporation, as opposed to directors, shareholders, or other agents, the persons who can be authorized by State law to represent the

corporation in this Court. According to respondent: "Mr. Asbury cannot act in a representative capacity for petitioner" because Florida law "does not grant authority to a former officer to represent a dissolved entity, with exceptions not applicable here."

Petitioner bears the burden of establishing affirmatively all facts giving rise to our jurisdiction. See Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960). Petitioner must establish that: (1) Respondent issued to petitioner a valid notice of deficiency, and (2) petitioner, or someone authorized to act on petitioner's behalf, filed a timely petition with the Court. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Fehrs v. Commissioner, supra at 348. In order to meet this burden, petitioner must establish that Mr. Asbury has authority to act on petitioner's behalf. See Natl. Comm. to Secure Justice v. Commissioner, 27 T.C. 837, 839-840 (1957); Coca-Cola Bottling Co. v. Commissioner, 22 B.T.A. 686, 700 (1931); cf. Scenic Wonders Gallery, LLC v. Commissioner, T.C. Memo. 2000-64. If the petition is not filed by petitioner, or by someone lawfully authorized to act on petitioner's behalf, then we are without

jurisdiction to consider it.  See, e.g., <u>Fehrs v.</u>
<u>Commissioner</u>, <u>supra</u> at 348; <u>Photo Art Mktg. Trust v.</u>
<u>Commissioner</u>, T.C. Memo. 2000-57.

Rule 60 provides, in pertinent part, as follows:

(a) Petitioner:  (1) <u>Deficiency or Liability</u>
<u>Actions</u>:  A case shall be brought by and in the
name of the person against whom the Commissioner
determined the deficiency (in the case of a
notice of deficiency) * * * or by and with the
full descriptive name of the fiduciary entitled
to institute a case on behalf of such person.
See Rule 23(a)(1).  A case timely brought shall
not be dismissed on the ground that it is not
properly brought on behalf of a party until a
reasonable time has been allowed after objection
for ratification by such party of the bringing
of the case; and such ratification shall have the
same effect as if the case had been properly
brought by such party.  * * *

\*      \*      \*      \*      \*      \*      \*

(c) Capacity:  * * *  The capacity of a
corporation to engage in such litigation shall be
determined by the law under which it was
organized.  The capacity of a fiduciary or other
representative to litigate in the Court shall be
determined in accordance with the law of the
jurisdiction from which such person's authority
is derived.

Rule 24(b) provides as follows:

(b) Personal Representation Without Counsel:
In the absence of appearance by counsel, a
party will be deemed to appear on the party's
own behalf.  * * *  A corporation * * * may be
represented by an authorized officer of the
corporation * * *.  * * * Any such person shall
state, in the initial pleading or other paper
filed by or for the party, such person's name,
address, and telephone number, and thereafter
shall promptly notify the Clerk in writing, in

duplicate for each docket number involving that party, of any change in that information.

Under Rule 60(c), the capacity of a corporation to litigate in this Court is determined by the law of the State in which it was organized. This has been the rule in this Court and in our predecessor, the Board of Tax Appeals, since 1926. See <u>Great Falls Bonding Agency, Inc. v. Commissioner</u>, 63 T.C. 304, 306-307 (1974).

Petitioner was organized under the laws of the State of Florida. Therefore, petitioner's capacity to file a petition in this Court seeking redetermination of the tax deficiency underlying this action is governed by the law of the State of Florida. See Rule 60(c).

Two provisions of the Florida Statutes are pertinent to our decision. Fla. Stat. Ann. sec. 607.1405, "Effect of dissolution", provides, in relevant part:

> (1) A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, * * *
>
>     *     *     *     *     *     *     *
>
> (2) Dissolution of a corporation does not:
>
> (a) Transfer title to the corporation's property;
>
>     *     *     *     *     *     *     *
>
> (c) Subject its directors or officers to standards of conduct different from those prescribed in ss. 607.0801-

607.0850 except as provided in s.
607.1421(4);

\* \* \* \* \* \* \*

(e) Prevent commencement of a proceeding by or against the corporation in its corporate name;

\* \* \* \* \* \* \*

(g) Terminate the authority of the registered agent of the corporation.

Fla. Stat. Ann. sec. 607.1421, "Procedure for and effect of administrative dissolution", provides, in relevant part:

(3) A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under s. 607.1405 and notify claimants under s. 607.1406.

(4) A director, officer, or agent of a corporation dissolved pursuant to this section, purporting to act on behalf of the corporation, is personally liable for the debts, obligations, and liabilities of the corporation arising from such action and incurred subsequent to the corporation's administrative dissolution only if he or she has actual notice of the administrative dissolution at the time such action is taken; but such liability shall be terminated upon the ratification of such action by the corporation's board of directors or shareholders subsequent to the reinstatement of the corporation under ss. 607.1401-607.14401.

(5) The administrative dissolution of a corporation does not terminate the authority of its registered agent.

According to these provisions of the Florida Statutes, an administratively dissolved Florida corporation continues in existence indefinitely to wind up and liquidate its business and affairs, and it retains the right to sue and be sued in its own name.  See Fla. Stat. Ann. sec. 607.1405(1) and (2); Ron's Quality Towing, Inc. v. Se. Bank, 765 So. 2d 134, 135 (Fla. Dist. Ct. App. 2000); Cygnet Homes, Inc. v. Kaleny Ltd., Inc., 681 So. 2d 826 (Fla. Dist. Ct. App. 1996); see also Starvest U.S., Inc. v. Commissioner, T.C. Memo. 1999-314 ("A dissolved Florida corporation * * * continues in existence indefinitely to the extent necessary to wind up and liquidate its business and affairs, including the right to sue and be sued in its own name.").

It is undisputed that filing the instant petition for redetermination of the deficiency and penalties determined in petitioner's tax for 1997 was necessary for petitioner, an administratively dissolved Florida corporation, to wind up and liquidate its business and affairs.  Cf. Starvest U.S., Inc. v. Commissioner, supra.  The adjustment and settlement of the tax liabilities of a corporation are necessary steps in closing the business of the corporation. See Field v. Commissioner, 32 T.C. 187, 204 (1959), affd. without published opinion 286 F.2d 960 (6th Cir. 1960); Bos

Lines, Inc. v. Commissioner, T.C. Memo. 1965-71, affd. 354 F.2d 830 (8th Cir. 1965).

On the basis of the above, we find that, under Florida law, petitioner continues in existence, notwithstanding its administrative dissolution, during the time necessary to seek redetermination of the instant notice of deficiency in this Court and to wind up its other business affairs. We further find that petitioner has the legal capacity under Florida law to file the subject petition for redetermination and to litigate in this Court, even though petitioner had been administratively dissolved at the time the petition was filed. See Rule 60(c); Starvest U.S., Inc. v. Commissioner, supra; cf. Bloomington Transmission Servs., Inc. v. Commissioner, 87 T.C. 586 (1986); Bared & Cobo Co. v. Commissioner, 77 T.C. 1194 (1981); Padre Island Thunderbird, Inc. v. Commissioner, 72 T.C. 391 (1979); Great Falls Bonding Agency, Inc. v. Commissioner, 63 T.C. 304 (1974); Lee Enters., Inc. v. Commissioner, T.C. Memo. 1992-629; Am. Police & Fire Found., Inc. v. Commissioner, T.C. Memo. 1981-704. Respondent does not seem to disagree with these findings. As mentioned above, respondent concedes that "petitioner is entitled to bring this action". We take this statement as respondent's concession that petitioner has the capacity under Rule 60(c) and the

laws of the State of Florida to litigate in this Court and to seek redetermination of the subject notice of deficiency.

Respondent's position that this case should be dismissed focuses on Mr. Asbury's authority under State law to act as petitioner's representative. Respondent's position is that the case must be dismissed because Mr. Asbury is not authorized under Florida law to act on petitioner's behalf. It appears that respondent challenges Mr. Asbury's authority both to approve the filing of the instant petition as an officer of petitioner and to appear in these proceedings as petitioner's representative.

As we view it, the issues raised by respondent's motion are: (1) Whether Mr. Asbury is an active and authorized officer of petitioner under Florida law who properly acted on petitioner's behalf in approving the filing of the instant petition; and (2) whether Mr. Asbury is an "authorized officer" within the meaning of that term in Rule 24(b) who can represent petitioner in these proceedings without counsel.

As to the first issue, respondent argues that Florida law does not authorize "a former officer, director or shareholder to represent a dissolved corporation in a representative capacity." Contrary to respondent's

argument, the above-quoted provisions of the Florida Statutes, which explicitly apply to a dissolved corporation and its former officers, provide not only that the dissolved corporation continues in existence and retains the right to sue and be sued, but also, in effect, that the individuals who were officers and directors of the dissolved corporation continue in those positions and retain the authority to act on behalf of the corporation during the time necessary to wind up the business of the corporation. See Fla. Stat. Ann. secs. 607.1405(2)(c), 607.1421(4). Furthermore, Florida law specifically provides that the officers or directors of the dissolved corporation are not subject to standards of conduct that are different from those prescribed for officers and directors of other corporations, except that they may be personally liable for the corporation's debts, obligations, and liabilities arising from their actions. See id.

Questions about the authority of an officer of a corporation to act for and to bind the corporation are questions of fact to be decided under the common law of agency. See, e.g., Trans World Travel v. Commissioner, T.C. Memo. 2001-6; Starvest U.S., Inc. v. Commissioner, supra. It is undisputed that Mr. Asbury was petitioner's only officer or director before petitioner was

administratively dissolved.  Since petitioner was dissolved, Mr. Asbury has continued as petitioner's only officer and director, by operation of Florida law, and he retains the authority to act on petitioner's behalf to wind up and liquidate petitioner's business and affairs.  See Fla. Stat. Ann. secs. 607.1405, 607.1421.  As petitioner's only officer or director after the dissolution, Mr. Asbury is the only person who can act on petitioner's behalf.  Accordingly, he is the only person who could have the authority to approve the filing of the instant petition for redetermination on petitioner's behalf.  See Bared & Cobo Co. v. Commissioner, supra; Starvest U.S., Inc. v. Commissioner, supra.  We find that Mr. Asbury had the authority to sign the petition on petitioner's behalf.  We further find that he is an "authorized officer" for purposes of Rule 24(b).

Respondent's motion argues that Mr. Asbury cannot appear on petitioner's behalf in this Court without counsel, as an "authorized officer" of petitioner within the meaning of Rule 24(b).  According to respondent, an officer of a Florida corporation is not authorized by Rule 24(b) to represent the corporation in this Court unless the officer is also an attorney who can represent the corporation before the courts of the State of Florida.

Respondent cites no authority in support of this interpretation of Rule 24(b).

The Explanatory Note that accompanied the promulgation of Rule 24(b) states as follows:

> Par. (b) is concerned with pro se appearances, and is the counterpart of present T.C. Rule 3. However, Par. (b) states a rule, not expressed in T.C. Rule 3, that a party is deemed to appear for himself in the absence of appearance by counsel. In such event, the Clerk can make service of papers by directing them by mail to the party, foreclosing any claim of failure to serve counsel. Par. (b) goes beyond T.C. Rule 3 in specifying the information required of the pro se party, and expands the provision on the persons who may act in a representative capacity for a pro se party. [60 T.C. 1078.]

Thus, among other things, Rule 24(b) was intended to expand the scope of former Rule 3, its counterpart, regarding the persons who could act in a representative capacity for a pro se party. Former Rule 3 provided in part as follows: "A taxpayer corporation may be represented by a bona fide officer of the corporation upon permission granted, in its discretion, by the Court or the Division sitting." Thus, under former Rule 3, an officer of a corporation could represent the corporation in this Court, but the officer was required to obtain the permission of the Court to do so. Rule 24(b) expanded the scope of former Rule 3 by permitting a corporation to be represented in this Court "by an authorized officer of the corporation".

Under respondent's interpretation of Rule 24(b), a corporate officer can represent the corporation only if the officer is specifically authorized by State law to represent the corporation in litigation conducted in the courts of that State. This would be a contraction of the former Rule, not an expansion.

Contrary to respondent's interpretation, Rule 24(b) allows an "authorized officer" of a corporation, such as Mr. Asbury, to represent the corporation in this Court "without counsel". This is an exception to the usual rule in Federal courts under which corporations are required to be represented in court by a duly licensed attorney. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel, 506 U.S. 194, 202-203 (1993). Rule 24(b) does not require an officer to be specifically permitted to represent the corporation in State court. See House v. Commissioner, 24 Fed. Appx. 608, 609 (7th Cir. 2001) ("At trial House proceeded pro se and also elected to appear on JJH's [Joseph J. House, Inc.'s] behalf, as the tax court rules permit him to do, see Tax Court Rule 24(b)."), affg. T.C. Memo. 2000-22 (Illinois corporation); People Place Auto Hand Carwash, LLC v. Commissioner, 126 T.C. 359, 360 n.2 (2006) (Tennessee limited liability company); WFO Corp. v. Commissioner, T.C. Memo. 2004-186 (Ohio corporation);

<u>Oliver Family Found. v. Commissioner</u>, T.C. Memo. 1997-220

(Nevada nonprofit corporation).

Upon consideration of the foregoing,

<u>An appropriate order</u>

<u>will be issued denying</u>

<u>respondent's motion</u>.