LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On December 30, 2003, Royer Homes of Mississippi, Inc. (Royer) was administratively dissolved. On June 9, 2004, Royer filed suit against Alison Steiner, Jack G. Price, and Adelman & Steiner, P.A. (collectively Steiner) in the Forrest County Circuit Court alleging legal malpractice. Steiner had previously represented Royer in an employment-discrimination suit, which resulted in an adverse verdict against Royer.
¶ 2. Steiner filed a motion for summary judgment on October 31, 2011. After hearing oral arguments, the trial court granted Steiner’s motion for summary judgment, finding Royer lacked standing due to its failure to reinstate itself as a corporation within the statutory time frame.
¶ 3. Royer now appeals, asserting the following issues: (1) the trial court erred in finding Royer did not have standing to pursue litigation against Steiner; (2) its failure to reinstate itself as a corporation did not result in its loss of status as a real *593 party in interest or of its capacity to sue; (B) Steiner forfeited their right to assert Royer’s standing as a defense; and (4) the trial court erred by dismissing the suit under Mississippi Rule of Civil Procedure 17(a) for failure to prosecute “in the name of the real party in interest.”
STANDARD OF REVIEW
¶ 4. In reviewing the trial court’s grant of a motion for summary judgment, this Court conducts a de novo review and “examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” City of Jackson v. Sutton, 797 So.2d 977, 979 (¶ 7) (Miss.2001) (citations omitted). The moving party has the burden of demonstrating that no genuine issue of material facts exists, and the nonmoving party must be given the benefit of the doubt concerning the existence of a material fact. Id. “If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party’s favor.” Monsanto Co. v. Hall, 912 So.2d 134, 136 (¶ 5) (Miss.2005). We review conclusions of law, including statutory interpretation, de novo. J. Criss Builder, Inc. v. White, 35 So.3d 541, 543 (¶ 5) (Miss.Ct.App.2009).
DISCUSSION
¶ 5. The overriding issue in this case is whether Royer lost its capacity to continue the litigation when it failed to reinstate itself as a corporation. The statute in effect at the time Royer was dissolved stated the following: “(c) A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under Section 79-4-14.05.... ” Miss.Code Ann. § 79-4-14.21.[1] Mississippi Code Annotated section 79-4-14.05 provided that “[dissolution of a corporation does not ... [pjrevent commencement of a proceeding by or against the corporation in its corporate name.... ”
¶ 6. Steiner states Royer had the ability to “commence suit” after it dissolved, but argues Royer only had five years under Mississippi Code Annotated section 79-4-14.22(a) to wind up its affairs or reinstate itself. Section 79-4-14.22(a) stated that “[a] corporation administratively dissolved ... may apply to the Secretary of State for reinstatement within five (5) years after the effective date of dissolution.” However, Steiner offers no authority to support its position that, under the statute, Royer needed to reinstate itself to maintain the lawsuit. The statutes in effect at the time allowed for a dissolved corporation to carry on business necessary to wind up its affairs, including the commencement of a proceeding, if necessary. We do not think the intent of the legislature was to stop a lawsuit that was legally commenced because the lawsuit was not concluded within the five-year time frame enunciated in the statute. We note that the current version of section 79-4-14.22(a) (Supp. 2012) deleted the five-year requirement, and allows the dissolved corporation to “apply ... for reinstatement at any time after the effective date of dissolution.”
¶ 7. We find the trial court’s decision to grant summary judgment in favor of Steiner was premature; thus, we reverse and remand for further proceedings.
118. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEED *594 INGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPEL-LEES.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.

. Unless otherwise noted, all statutes cited in this opinion are the versions in effect at the time of Royer’s dissolution and subsequent suit against Steiner.