T.C. Memo. 2013-286

UNITED STATES TAX COURT

CENTRAL MOTORPLEX, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19754-11.　　　　　　　　　Filed December 19, 2013.

<u>William G. Coleman, Jr.</u>, for petitioner.

<u>Jason D. Laseter</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Chief Judge</u>: This is an action for redetermination of

employment status pursuant to section 7436 and Rule 291.[1] Respondent moves to

---

[1]Unless otherwise indicated, section references are to the applicable
versions of the Internal Revenue Code. Rule references are to the Tax Court Rules
of Practice and Procedure.

[*2] dismiss this case for lack of jurisdiction on the ground that petitioner lacked the capacity to file the petition because petitioner had been administratively dissolved when the petition was filed. For the reasons discussed below, we will deny respondent's motion.

Background

Petitioner was organized under the laws of Mississippi and had its principal place of business in Mississippi. On January 17, 2007, the Mississippi secretary of state's office administratively dissolved petitioner pursuant to Miss. Code Ann. sec. 79-4-14.21 (West 1999 & Supp. 2012). According to the Web site of the Mississippi secretary of state's office, petitioner remains dissolved under Mississippi law. See Miss. Sec'y of State Bus. Servs., https://business.sos.state.ms.us/corp/soskb/Corp.asp?290318 (last visited November 13, 2013).

On May 25, 2011, respondent issued to petitioner a Letter 3523, Notice of Determination of Worker Classification (notice of determination), with respect to petitioner's 2007 employment tax liabilities. In the notice of determination, respondent reclassified four individuals as petitioner's employees for each of the four quarters of 2007 and determined that as a result of these reclassifications petitioner owed employment tax and penalties for each quarter.

**[*3]** On August 26, 2011, petitioner petitioned this Court. The petition was signed by William G. Coleman, Jr., as "Counsel for Petitioner".[2]

Respondent has moved to dismiss this case for lack of jurisdiction on the ground that, because petitioner has been administratively dissolved, it lacks the capacity to prosecute this matter under Mississippi law. Petitioner opposes respondent's motion.

## Discussion

We look to applicable State law at the time a petition is filed in determining whether a corporation may engage in litigation in this Court; events occurring after the filing of the petition generally do not deprive us of jurisdiction. See Rule 60(c); see also David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270-271 (2000), aff'd, 22 Fed. Appx. 837 (9th Cir. 2001); J. David Gladstone Found. v. Commissioner, 77 T.C. 221, 224 (1981); Main-Hammond Land Trust v. Commissioner, 17 T.C. 942, 956 (1951), aff'd on another issue, 200 F.2d 308 (6th Cir. 1952). Because petitioner was organized in Mississippi, we look to Mississippi law at the time petitioner filed its petition to determine whether the Court has jurisdiction.

---

[2]Respondent has raised no issue as to whether William G. Coleman, Jr., has authority to represent petitioner in this proceeding.

**[*4]**   In his motion to dismiss, respondent asserts that petitioner lacks capacity to sue under Mississippi law, citing Miss. Code Ann. sec. 79-4-14.21(f), which provides:  "A corporation that has been administratively dissolved may not maintain any action, suit, or proceeding in any court of this state until the corporation is reinstated."  This provision, however, was enacted in 2012, effective January 1, 2013.  See 2012 Miss. Laws ch. 481, sec. 36 (H.B. 789).  The Mississippi Supreme Court has indicated that as a matter of statutory construction, absent express intent to the contrary, it is presumed that legislation will have prospective applicability only.  See Mladinich v. Kohn, 186 So. 2d 481, 483 (Miss. 1966).  Consequently, because the petition in this case was filed in 2011, Miss. Code Ann. sec. 79-4-14.21(f) is inapplicable.

As in effect in 2011 when the petition was filed, Miss. Code Ann. sec. 79-4-14.21(c) (West 1999), provided:  "A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under Section 79-4-14.05 and notify claimants under Sections 79-4-14.06 and 79-4-14.07."[3]  Miss. Code Ann. sec. 79-4-14.05 (West 1999), as cross-referenced in the just-quoted

---

[3]Effective January 1, 2013, this provision was deleted and Miss. Code Ann. sec. 79-4-14.21 (Supp. 2012) was amended to add, inter alia, new subsec. (f), which is quoted above.

[*5] provision, makes clear that dissolution of a corporation does not "Prevent commencement of a proceeding by or against the corporation in its corporate name".[4]

Under these provisions of Mississippi law, petitioner, even though administratively dissolved, continues in existence indefinitely to the extent necessary to wind up and liquidate its business and affairs, and it retains the right

---

[4]Miss. Code Ann. sec. 79-4-14.05 (West 1999), as in effect in 2011, provided in relevant part:

> (a) A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including:
>
>    \*    \*    \*    \*    \*    \*    \*
>
> (3) Discharging or making provision for discharging its liabilities;
>
>    \*    \*    \*    \*    \*    \*    \*
>
> (5) Doing every other act necessary to wind up and liquidate its business and affairs.
>
> (b) Dissolution of a corporation does not:
>
>    \*    \*    \*    \*    \*    \*    \*
>
> (5) Prevent commencement of a proceeding by or against the corporation in its corporate name;

**[*6]** to sue and be sued in its own name for these purposes. See Royer Homes of Miss., Inc. v. Steiner, __ So. 3d __, 2013 WL 3610734 (Miss. Ct. App. July 16, 2013); see also Asbury v. Commissioner, T.C. Memo. 2007-53 (construing substantially identical provisions of Florida law).

The notice of determination on which this case is predicated determined employment tax liabilities and penalties against petitioner for 2007, the year in which it was administratively dissolved. The adjustment and settlement of these tax liabilities are necessary steps in closing petitioner's business. See Field v. Commissioner, 32 T.C. 187, 204 (1959), aff'd without published opinion, 286 F.2d 960 (6th Cir. 1960); Asbury v. Commissioner, T.C. Memo. 2007-53.

The fact that petitioner was administratively dissolved at the time respondent issued it the notice of determination does not alter our analysis. Under section 7436(d), the principles of section 6213(a) (among other statutory provisions) apply in the same manner as if the notice of determination were a notice of deficiency. Under section 6213(a), a taxpayer may file a petition for redetermination of a deficiency within 90 days after the mailing of a notice of deficiency authorized in section 6212. Under section 6212(b), in the absence of notice to the Secretary of a notice of fiduciary relationship, the Secretary is authorized to issue a notice of deficiency to a corporate taxpayer at its last known

**[\*7]** address even if the corporate taxpayer has terminated its existence.[5]  It is well settled that under such circumstances a notice of deficiency issued to a dissolved corporation is valid.  See <u>Bloomington Transmission Servs., Inc. v. Commissioner</u>, 87 T.C. 586, 589 (1986); <u>Padre Island Thunderbird, Inc. v. Commissioner</u>, 72 T.C. 391, 394-395 (1979).

The parties do not dispute that the notice of determination was issued to petitioner at its last known address.  The parties do not assert and the record does not indicate that petitioner filed with the Secretary any notice of fiduciary relationship.  Consequently, applying the above-referenced principles in the same manner as if the notice of determination were a notice of deficiency, <u>see</u> sec. 7436(d), we conclude that the notice of determination issued to petitioner was valid even though it was issued four years after petitioner's dissolution, <u>see</u> <u>Padre Island Thunderbird, Inc. v. Commissioner</u>, 72 T.C. at 395.

On the basis of the foregoing, we conclude that under Mississippi law petitioner continues in existence for purposes of this proceeding, notwithstanding petitioner's administrative dissolution, and has the legal capacity to file the subject

---

[5]This general rule applies in the absence of notice to the Secretary under sec. 6903 of the existence of a fiduciary relationship.

**[*8]** petition for redetermination of employment status and the proper amount of employment tax under that determination.  See sec. 7436(a).

In the light of the foregoing,

An appropriate order will be issued.