T.C. Memo. 2016-102

UNITED STATES TAX COURT

ALLIED TRANSPORTATION, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24348-14.                              Filed May 25, 2016.

Scott A. Hovey, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  Currently before the Court is a motion by the Internal Revenue Service (IRS or respondent) to dismiss this case for lack of jurisdiction on the ground that petitioner, its corporate charter having been revoked, lacked legal capacity to prosecute the case.  We will grant the motion.

[*2]                           Background

The following facts are derived from respondent's motion, the exhibits attached thereto, and publicly available records of the State of Maryland. Allied Transportation, Inc. (Allied) had a corporate address in Maryland at the time the petition was filed.

Allied was incorporated in Maryland on August 23, 2001. Sukhjeet Singh Gill was listed as its incorporator. Allied was assigned a taxpayer identification number by the Maryland Department of Assessments and Taxation, Corporate Charter Division (department).

On October 8, 2004, the department revoked and annulled Allied's corporate charter pursuant to section 3-503 of the Corporations and Associations article of the Maryland Code for failing to file a required tax return. The department's official records indicate "the entity was forfeited for failure to file [a] property [tax] return for 2003." On February 12, 2007, Mr. Gill filed articles of revival on behalf of Allied, but the articles were declared "void for non-payment" on March 6, 2007, leaving the status of Allied as forfeited.

On August 14, 2014, the IRS mailed to Allied a notice of deficiency determining for the taxable year 2010 a Federal income tax deficiency of $79,812 and additions to tax exceeding $18,000 under sections 6651(a)(1) and (2) and

**[*3]** 6655.[1] On October 14, 2014, Allied filed with this Court a petition for redetermination signed by Mr. Gill.

On October 14, 2015, the IRS filed a motion to dismiss for lack of jurisdiction, contending that the petition was not filed by a party with capacity to sue under Rule 60(c). Counsel for respondent represented in his motion that he had discussed the motion with Mr. Gill, who stated that he no longer had any involvement with Allied and that he did not intend to prosecute this case further. By order dated October 20, 2015, we directed Allied to respond to the motion to dismiss on or before November 23, 2015. Allied has not responded to that order or to the motion to dismiss.

### Discussion

Rule 60(c) provides that the capacity of a corporation to engage in litigation in this Court "shall be determined by the law under which it was organized." See NT, Inc. v. Commissioner, 126 T.C. 191 (2006); David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270-271 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001). Here, the relevant law is that of Maryland. Allied bears the burden of af-

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect for the tax year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[\*4]** firmatively establishing all facts giving rise to the Court's jurisdiction. See David Dung Le, M.D., Inc., 114 T.C. at 270; Harold Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977); Asbury v. Commissioner, T.C. Memo. 2007-53, 93 T.C.M. (CCH) 974, 975.

In Maryland, when a corporation forfeits its charter, "the powers conferred by law on the corporation[] are inoperative, null, and void as of the date of the proclamation [of forfeiture]." Md. Code Ann., Corps. & Ass'ns sec. 3-503(d) (LexisNexis 2014). Thus, "all powers * * * , including the power to sue or be sued," are extinguished as of and during the forfeiture period. Dual Inc. v. Lockheed Martin Corp., 857 A.2d 1095, 1101 (Md. 2004). Nevertheless, Maryland law does "make[] it clear that a corporation continues to exist, at least for some limited purposes, beyond forfeiture or dissolution of its charter." Thomas v. Rowhouses, Inc., 47 A.3d 625, 630 (Md. Ct. Spec. App. 2012) (discussing Md. Code Ann., Corps. & Ass'ns sec. 3-515 (LexisNexis 2014)).

Under Maryland law, a director of a forfeited corporation may bring suit in its name if there is a "rational relationship" between the suit and a legitimate "winding up" activity of the corporation. Md. Code Ann., Corps. & Ass'ns sec. 3-515(c); Dual Inc., 857 A.2d at 1102. But this power pertains only to the completion of corporate business that existed at the time of the forfeiture. Patten v.

**[\*5]** <u>Bd. of Liquor License Comm'rs</u>, 667 A.2d 940, 945 (Md. Ct. Spec. App. 1995). The greater the period between forfeiture and commencement of the lawsuit, the less likely it is that the litigation is part of any "winding up" activity. <u>Ibid.</u>

Allied filed the petition in this case more than ten years after its corporate charter was revoked. For a corporation of Allied's modest scale, we find that ten years would be an excessive period within which to conduct "winding up" activity.[2] Moreover, the petition in this case concerns an alleged tax liability for 2010. The notice of deficiency determined, on the basis of a bank deposits analysis, that Allied had unreported gross receipts of $247,595 for that year. Given that Allied had forfeited its charter six years previously, it seems unlikely that it (as opposed to a related party) could have earned those gross receipts. In any event, litigation concerning income that arose in 2010 would not seem to have a "rational relationship" to the winding up of corporate business that existed in 2004. <u>See</u> <u>Dual Inc.</u>, 857 A.2d at 1102; <u>Patten</u>, 667 A.2d at 945. Finally, Mr. Gill's reluctance to prose-

---

[2]Some States have a fixed time limit for winding up, but others do not. <u>Compare</u> Tex. Bus. Orgs. Code Ann. sec. 11.356 (West 2012) (providing a three-year period for purposes of prosecuting or defending in the terminated entity's name) <u>with</u> Mich. Comp. Laws Serv. sec. 450.1833 (LexisNexis 2014) (providing that dissolved corporations shall continue in existence for the purpose of winding up). Reviewing courts generally allow a reasonable period. <u>See, e.g.</u>, <u>Flint Cold Storage v. Dep't of Treasury</u>, 776 N.W.2d 387, 395-396 (Mich. Ct. App. 2009).

**[*6]** cute the case establishes that this litigation cannot properly be regarded as related to any "winding up" of Allied's business affairs.

To reflect the foregoing,

<u>An order will be entered granting respondent's motion to dismiss for lack of jurisdiction</u>.