T.C. Memo. 2016-198

UNITED STATES TAX COURT

URGENT CARE NURSES REGISTRY, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24713-15L.                          Filed November 2, 2016.

<u>Gary H. Kuwada</u>, for petitioner.

<u>Willis B. Douglass</u> and <u>Eric M. Heller</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  Currently before the Court is a motion by the Internal

Revenue Service (IRS or respondent) to dismiss this case for lack of jurisdiction

on the ground that petitioner, its corporate charter having been suspended, lacks

legal capacity to prosecute this case.  We will grant the motion.

[*2]                                       Background

The following facts are derived from respondent's motion, the exhibit

attached thereto, and publicly available records of the State of California.  Urgent

Care Nurses Registry, Inc. had a corporate address in California at the time the

petition was filed.

Petitioner was incorporated in California on July 21, 2005, and was

assigned a taxpayer identification number by the California Franchise Tax Board

(board).  On August 1, 2008, the board suspended petitioner's corporate charter

pursuant to section 23301 of the Suspension and Revivor article of the California

Revenue and Taxation Code.  On July 26, 2016, the California secretary of state

certified as follows:  "The records of this office indicate that the * * * [board]

suspended * * * [petitioner's] powers, rights and privileges on August 1, 2008

* * * and that * * * [petitioner's] powers, rights and privileges remain suspended."

Petitioner filed some income and employment tax returns for 2009 through

2013 but enclosed no payments.  It failed to file other returns, and the IRS pre-

pared substitutes for returns (SFRs) that met the requirements of section 6020(b).[1]

The IRS assessed all of the taxes in question plus a penalty under section 6721 for

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all monetary amounts to the nearest dollar.

**[\*3]** failing to file Forms W-2, Wage and Tax Statement. In an effort to collect these unpaid liabilities, the IRS in January 2015 sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing.

Petitioner timely requested a collection due process (CDP) hearing, and a settlement officer (SO) was assigned to the case. In June 2015 the SO informed petitioner's representative: "The revenue officer's case history indicates that Urgent Care Nurses Registry, Inc. may no longer be in business. You/your representative told the revenue officer that the business is now being operated under the EIN of [a] sole proprietorship." The SO requested copies of documents "confirming the dissolution of the corporate entity." Petitioner's representative submitted a copy of Form 966, Corporate Dissolution or Liquidation, and a certificate of dissolution of petitioner.

A telephone CDP hearing was held on June 26, 2015, and the SO requested followup documentation by August 3, 2015. Having received none of the requested documentation by August 18, 2015, the SO closed the case and, on August 28, 2015, issued petitioner a notice of determination sustaining the proposed levy.

On September 28, 2015, petitioner timely sought review in this Court. On July 28, 2016, respondent filed a motion to dismiss for lack of jurisdiction, contending that the petition was not filed by a party with capacity to sue under Rule

**[\*4]** 60(c).  By order dated August 4, 2016, we directed petitioner to respond to the motion to dismiss on or before September 2, 2016.  It filed no response.

Discussion

Rule 60(c) provides that the capacity of a corporation to engage in litigation in this Court "shall be determined by the law under which it was organized."  See NT, Inc. v. Commissioner, 126 T.C. 191 (2006); David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270-271 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001).  Here, the relevant law is that of California.  Petitioner bears the burden of proving all facts necessary to establish jurisdiction in this Court.  See David Dung Le, M.D., Inc., 114 T.C. at 270; Patz Tr. v. Commissioner, 69 T.C. 497, 503 (1977); Asbury v. Commissioner, T.C. Memo. 2007-53, 93 T.C.M. (CCH) 974, 975.

In California, the board may suspend the "powers, rights[,] and privileges of a domestic taxpayer" if the corporation fails to pay "any tax, penalty, or interest, or any portion thereof, that is due and payable" at specified times.  Cal. Rev. & Tax Code sec. 23301 (West 2015); Grell v. Laci Le Beau Corp., 87 Cal. Rptr. 2d 358, 362 (Ct. App. 1999) (citing Reed v. Norman, 309 P.2d 809, 812 (Cal. 1957)).  Once a corporation's powers have been suspended, it "may not prosecute or defend an action."  Reed, 309 P.2d at 812.

**[*5]** Petitioner's corporate powers were suspended in August 2008, and it has supplied no evidence that it has since received a certificate of revivor or become current on its California tax obligations. The California secretary of state confirmed in July 2016 that petitioner's corporate powers "remain suspended." Documentation submitted to the SO by petitioner's representative indicates that petitioner has been formally dissolved and that the business it formerly conducted is now being conducted by a sole proprietorship. For these reasons, we find that petitioner lacked the capacity to litigate at the time it filed its petition in this case. See David Dung Le, M.D., Inc., 114 T.C. at 276 (holding that suspended California corporation lacked capacity to sue).

To reflect the foregoing,

An order will be entered granting respondent's motion to dismiss for lack of jurisdiction.