**Ann McLAUGHLIN, Secretary of Labor, U.S. Dept. of Labor, Plaintiff–Appellant,**

v.

**SEAFOOD, INC., et al., Defendants–Appellees.**

No. 87–4762.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1988.

George R. Salem, Sol., U.S. Dept. of Labor, Robert A. Fitz, Washington, D.C., for plaintiff-appellant.

Ellen R. Edmond, Linda Jan S. Pack, U.S. Dept. of Labor, Washington, D.C., for Dennis E. Whitfield.

Marc Linder, Texas Rural Legal Aid, Inc., Weslaco, Tex., for amicus cuarie, Jesus Barrera.

G. Michael Pharis, Thomas R. Peak, Baton Rouge, La., for defendants-appellees.

Before THORNBERRY, RUBIN, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An employer who at least minimally regulates piece workers' method of work, but does not regulate their hours or prohibit them from working for competitors, seeks to escape the coverage of the Federal Labor Standards Act. We hold that he cannot.

## I.

Seafood, Inc., a Louisiana corporation that processes and packs crabmeat and crawfish, employs backers, pickers, and peelers who are paid on a piece work basis. These workers are mainly non-English-speaking Vietnamese who provide their own hairnets, aprons, gloves, and seafood knives. Seafood supervises the workers to ensure that they comply with hygiene regulations, but it does not otherwise regulate the details of their labor. It also does not regulate the number of hours they work, allowing the workers to come and go as they please, to submit many persons' work in a single person's name, and even to work for competitors on a regular basis. On occasion, Seafood has lost substantial sums because an insufficient number of workers came to its plant.

The Secretary of Labor brought this action under § 17 of the Fair Labor Standards Act (FLSA)[1] to enjoin Seafood and its supervisory employees from violating the overtime compensation and record-keeping provisions of the Act. The district court held that the backers, pickers, and peelers are independent contractors rather

---

1. 29 U.S.C. § 201 et seq.

than employees within the terms of the FLSA. The court also determined the amounts that will be due the workers if they are on appeal determined to be "employees."

## II.

The Supreme Court established the principles that control this case in three 1947 opinions.[2] "[I]n the application of social legislation," the Court held, "employees are those who as a matter of economic reality are dependent upon the business to which they render service."[3] The Court also set out five specific considerations to guide determinations of economic dependence. This circuit summarized these considerations in *Usery v. Pilgrim Equipment Co.*[4] as follows:

> They are: degree of control, opportunities for profit or loss, investment in facilities, permanency of relation, and skill required. No one of these considerations can become the final determinant, nor can the collective answers to all of the inquiries produce a resolution which submerges consideration of the dominant factor—economic dependence.[5]

Applying this five-part test, the district court concluded, "[t]he lack of a meaningful opportunity for profit or loss ... and the minimal skill required in efficiently performing processing chores ... argue against a finding of independent contractor status." The court also found, however, that Seafood "exercises virtually no control over either the manner in which backers, peelers, and pickers work or the hours they work," and that the employment relation was "impermanent." The capital invest-

ment consideration, the court stated, "is most significant if it reveals the workers' dependence on the employer's tools," and therefore "is not determinative" here. Weighing these factors, the court concluded, "[t]he mobility of [the workers], illustrated by the transient nature of a typical employment history, virtually eliminates any contentions concerning their economic dependence on Seafood, Inc."

██ We review this balancing of the *Usery* considerations *de novo*.[6] As a matter of economic reality, there can be little doubt that the backers, pickers, and peelers are economically dependent upon their employer. They are not specialists called in to solve a special problem, but unskilled laborers who perform the essential, everyday chores of Seafood's operation.[7] They are certainly not independent contractors in the "critically significant" sense that they are "in business for themselves."[8] The only question, therefore, is whether the fact that the workers move frequently from plant to plant and from employer to employer removes them from the protections of the FLSA. We hold that it does not.

██ The remedial purposes of the FLSA require the courts to define "employer" more broadly than the term would be interpreted in traditional common law applications.[9] An employer cannot circumvent these purposes merely by allowing essentially fungible piece workers to work for neighboring competitors. Laborers who work for two different employers on alternate days are no less economically dependent than laborers who work for a single employer. Even if the freedom to work for multiple employers may provide something

2. *See United States v. Silk,* 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947); *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947); *Bartels v. Birmingham,* 332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947).

3. *Bartels,* 332 U.S. at 130, 67 S.Ct. at 1550.

4. 527 F.2d 1308 (5th Cir.), *cert. denied,* 429 U.S. 826, 97 S.Ct. 82, 50 L.Ed.2d 89 (1976).

5. *Id.* at 1311; *see also Mednick v. Albert Enterprises, Inc.,* 508 F.2d 297, 300 (5th Cir.1975).

6. *Brock v. Mr. W. Fireworks, Inc.,* 814 F.2d 1042, 1045 (5th Cir.), *cert. denied,* — U.S. —, 108

S.Ct. 286, 98 L.Ed.2d 246 (1987); *see also Beliz v. W.H. McLeod & Sons Packing Co.,* 765 F.2d 1317, 1327 (5th Cir.1985).

7. *Cf. Beliz,* 765 F.2d at 1327–28.

8. *See id.; Castillo v. Givens,* 704 F.2d 181, 190 (5th Cir.), *cert. denied,* 464 U.S. 850, 104 S.Ct. 160, 78 L.Ed.2d 147 (1983).

9. *See, e.g., Beliz,* 765 F.2d at 1327; *Usery,* 527 F.2d at 1311 n. 6; *Mednick,* 508 F.2d at 299.

of a safety net, unless a worker possesses specialized and widely-demanded skills, that freedom is hardly the same as true economic independence.[10] Therefore, focusing on "economic reality" as the Supreme Court decisions require, we conclude that the backers, pickers, and peelers are " 'dependent upon finding employment in the business of others,' "[11] and therefore "employees" within the coverage of the FLSA.

### III.

For the reasons set forth above, this case is REVERSED. Although the district court thoughtfully ruled on the appropriate measure of damages in case of reversal, the Supreme Court has intervened. In *McLaughlin v. Richland Shoe Co.,* — U.S. ——, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), the Court changed prior law governing the choice between a two-year and three-year statute of limitations in FLSA actions. Accordingly, we must REMAND for further proceedings consistent with this opinion.

---

10. *See U.S. v. Silk,* 331 U.S. 704, 706, 716–18, 67 S.Ct. 1463, 1465, 1470, 91 L.Ed. 1757 (1947).

11. *Beliz,* 765 F.2d at 1327 (quoting *Fahs v. Tree-Gold Co-op Growers,* 166 F.2d 40, 44 (5th Cir. 1948).