T.C. Memo. 2014-207

UNITED STATES TAX COURT

CENTRAL MOTORPLEX, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19754-11.                            Filed October 7, 2014.

William G. Coleman, Jr., for petitioner.

William J. Wilkins, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, Judge:  This case is before the Court on a petition for redetermi-

nation of employment status filed pursuant to section 7436.[1]  In a Notice of Deter-

_____

[1]Unless otherwise indicated, all statutory references are to the Internal
Revenue Code of 1986, as amended and in effect for the taxable year in issue.  We
round all monetary amounts to the nearest dollar.

**[*2]** mination of Worker Classification dated August 13, 2011, the Internal

Revenue Service (IRS or respondent) determined that Edwin T. Cheshire, Carvis

V. Rainey, and Glenn Smith were to be classified as petitioner's "employees" for

all taxable periods of calendar year 2007.  The IRS accordingly determined that

petitioner was liable for employment taxes, additions to tax under section

6651(a)(1) and (2), and a failure to deposit penalty under section 6656 in the

following amounts:

| Quarter/year amount | FICA tax deficiency | FUTA tax deficiency | Additions to tax | | Sec. 6656 |
|---|---|---|---|---|---|
| | | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | |
| Mar. 31, 2007 | $1,966 | --- | $442 | To be determined | $110 |
| June 30, 2007 | 1,966 | --- | 442 | To be determined | 110 |
| Sept. 30, 2007 | 1,966 | --- | 442 | To be determined | 110 |
| Dec. 31, 2007 | 1,966 | --- | 442 | To be determined | 110 |
| Tax year 2007 | --- | $1,364 | 307 | To be determined | 136 |

After concessions by petitioner,[2] the issues for decision are:  (1) whether the

individuals listed in the notice of determination should be classified as petitioner's

employees for employment tax purposes for 2007; (2) whether petitioner is liable

---

[2]Petitioner concedes that it is not entitled to relief under section 530 of the Revenue Act of 1978, Pub. L. No. 95-600, 92 Stat. at 2885.

**[\*3]** for additions to tax under section 6651(a)(1) and (2) for failure timely to file returns and pay tax; and (3) whether petitioner is liable for a penalty under section 6656 for failure to deposit. We answer all three questions in the affirmative.

## FINDINGS OF FACT

The parties filed stipulations of facts with accompanying exhibits that are incorporated by this reference. When it petitioned this Court, petitioner's principal place of business was in Mississippi.[3]

Petitioner was incorporated in Mississippi in 2002. During the tax periods in issue petitioner engaged in the business of buying, repairing, reconditioning, and reselling used automobiles. Petitioner sold the automobiles at wholesale and at a used car lot in Ridgeland, Mississippi.

At all relevant times Edwin T. Cheshire was petitioner's president and sole shareholder. In his capacity as president, he exercised overall supervision and control of petitioner's activities. Mr. Cheshire's services for petitioner during 2007 included assigning work to be performed by petitioner's other workers, Carvis V. Rainey and Glenn Smith; supervising the activities of those two

---

[3]On December 19, 2013, the Court held that petitioner has standing to contest respondent's determinations even though it had previously been administratively dissolved under State law. See Cent. Motorplex, Inc. v. Commissioner, T.C. Memo. 2013-286.

[*4] individuals; and determining the remuneration they were to receive. Mr. Cheshire had the right to fire Messrs. Rainey and Smith and to hire other workers as necessary. Petitioner paid Mr. Cheshire compensation of $16,500 in his capacity as corporate officer and additional wages of $13,619 during 2007.

Mr. Rainey was petitioner's secretary and treasurer. He was in charge of "detailing" automobiles for resale. "Detailing" included touching up exterior paint, washing and waxing the exterior, and cleaning and shampooing the interior. Petitioner paid Mr. Rainey compensation of $24,999 for "direct labor" performed in petitioner's warehouse and office during 2007. Both Mr. Cheshire and Mr. Rainey had signing authority over petitioner's bank account.

Mr. Smith was in charge of picking up and delivering automobiles, including obtaining and delivering license plates and title certificates. When Mr. Smith incurred gasoline expenses in the performance of his services for petitioner, petitioner reimbursed him. Petitioner paid Mr. Smith compensation of $14,856 for his services during 2007.

Petitioner treated all three individuals as independent contractors during 2007. Petitioner did not enter into a contractual agreement of any kind with any of

[*5] them.  Nor did petitioner issue to these individuals, or file with the IRS, Forms 1099-MISC, Miscellaneous Income, reporting the compensation it paid them.[4]

Consistently with its position that the workers were independent contractors, petitioner did not issue to them, or file with the IRS, Forms W-2, Wage and Tax Statement, for 2007.  Petitioner likewise did not file Form 941, Employer's Quarterly Federal Tax Return, for any calendar quarter during 2007, or Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for that year.  Petitioner made no deposits of employment taxes into any Federal depository for 2007.

OPINION

I.    Burden of Proof

The Commissioner's determinations set forth in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those

---

[4]A small portion of the deficiencies is attributable to two payments totaling $1,000 listed as payable to "cash" in petitioner's general ledger accounts for "Wages/Office" and "Commissions."  The IRS treated this $1,000 as paid to an unidentified fourth worker whom it also classified as an "employee."  Petitioner at trial presented no evidence on this issue, and it is therefore deemed conceded.  See Schladweiler v. Commissioner, T.C. Memo. 2000-351, aff'd, 28 Fed. Appx. 602 (8th Cir. 2002) (an adjustment concerning interest income was deemed conceded because taxpayer offered no evidence concerning the adjustment).

**[*6]** determinations are in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[5] This principle also applies to the Commissioner's determination of an employer-employee relationship. See Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 268 (2001). Petitioner thus bears the burden of proving that the individuals listed in the notice of determination were not its employees during the tax periods in issue. Petitioner, as a corporation, also bears the burden of proving that it is not liable for the additions to tax under section 6651(a)(1) and (2) for failure timely to file returns and pay tax and for the penalty under section 6656 for failure to deposit. See NT, Inc. v. Commissioner, 126 T.C. 191, 194-195 (2006).

## II.    Worker Classification

Employers are subject to "employment taxes," which include taxes imposed by the Federal Insurance Contributions Act (FICA), the Federal Unemployment Tax Act (FUTA), and income tax withholding under section 3402. Employers are required to make periodic deposits of amounts withheld from employees' wages and amounts corresponding to the employer's share of FICA and FUTA tax. Secs.

---

[5]Section 7491(a)(1), which shifts the burden of proof to the Secretary in certain circumstances, does not apply to employment tax disputes. See Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 102 (2003), aff'd, 425 F.3d 1203 (9th Cir. 2005).

**[\*7]** 6302, 6157; secs. 31.6302-1, 31.6302(c)-3, Employment Tax Regs. These employment taxes apply only in the case of employees and do not apply to payments made to independent contractors.

"Employee" is defined for FICA and FUTA purposes to include "any officer of a corporation" and "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." See secs. 3121(d)(1), (2), 3306(i). For purposes of income tax with-holding under section 3402, the term "employee" also includes "an officer of a corporation." See sec. 3401(c). For other types of workers, the regulations adopt the common law definition of an employee. See sec. 31.3401(c)-1(a) and (b), Employment Tax Regs.; Atl. Coast Masonry, Inc. v. Commissioner, T.C. Memo. 2012-233.

A.    Petitioner's Corporate Officers

An officer of a corporation who performs more than minor services and receives remuneration for such services is a "statutory" employee for employment tax purposes. See Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, 119 T.C. 121, 126 (2002), aff'd, 93 Fed. Appx. 473 (3d Cir. 2004); Nu-Look Design, Inc. v. Commissioner, T.C. Memo. 2003-52, 85 T.C.M. (CCH) 927, 931, aff'd, 356 F.3d 290, 293 (3d Cir. 2004); secs. 31.3121(d)-1(b), 31.3306(i)-1(e),

[*8] 31.3401(c)-1(f), Employment Tax Regs. An officer can escape statutory employee status only if he performs no services (or only minor services) for the corporation and neither receives nor is entitled to receive any remuneration, directly or indirectly, for services performed. See Veterinary Surgical Consultants P.C. v. Commissioner, 117 T.C. 141, 144-145 (2001), aff'd sub nom. Yeagle Drywall Co. v. Commissioner, 54 Fed. Appx. 100 (3d Cir. 2002); secs. 31.3121(d)-1(b), 31.3306(i)-1(e), 31.3401(c)-1(f), Employment Tax Regs.[6]

Petitioner stipulated that Mr. Cheshire and Mr. Rainey were corporate officers. Both provided more than minor services for petitioner and both received remuneration for their services. Mr. Cheshire was petitioner's sole shareholder, acted as president of the corporation, and made most corporate decisions. See Nu-Look Design, Inc., 85 T.C.M. (CCH) at 931-932 (characterizing as a statutory employee an S corporation shareholder who served as corporation's president). Petitioner's corporate income tax return for 2007 expressly reports that petitioner paid Mr. Cheshire compensation of $16,500 in his capacity as a corporate officer.

_____

[6]The conclusion that a corporate officer is a statutory employee may not apply to the extent that he or she performs services in some other capacity. Nu-Look Design, Inc., 85 T.C.M. (CCH) at 931-932. Whether a corporate officer is performing services in his capacity as an officer is a question of fact. Joseph M. Grey Pub. Accountant, P.C., 119 T.C. at 129-130; Rev. Rul. 82-83, 1982-1 C.B. 151, 152.

[*9] Petitioner stipulated that Mr. Rainey was petitioner's secretary and treasurer; that he had check-signing authority over petitioner's bank account; and that he received compensation of $24,999 during 2007. Petitioner submitted no evidence, such as an employment agreement, suggesting that Mr. Rainey performed services in a capacity other than his capacity as a corporate officer.

In sum, we find as a fact that Mr. Cheshire and Mr. Rainey were "statutory" employees of petitioner for employment tax purposes throughout the 2007 calendar year. Having made that determination, we are not required to consider whether they would also be classified as "employees" under the common law test. See Nu-Look Design, Inc., 356 F.3d at 293.

B.     Petitioner's Third Worker

Under the common law test, it is a question of fact whether an individual performing services for a principal is an employee or an independent contractor. Ewens & Miller, Inc., 117 T.C. at 268; Weber v. Commissioner, 103 T.C. 378, 386 (1994), aff'd per curiam, 60 F.3d 1104 (4th Cir. 1995); secs. 3121(d)(2), 3306(i); sec. 31.3401(c)-1(b), Employment Tax Regs. Absent stipulation to the contrary, this case is appealable to the Court of Appeals for the Fifth Circuit. See sec. 7482(b)(1)(B). That court considers the following factors in deciding whether a worker is a common law employee: (1) the degree of control the principal has

**[*10]** over the worker; (2) the worker's opportunity for profit or loss; (3) the

worker's investment in facilities; (4) the permanence of the relationship; and

(5) the skill required in the operation.  <u>Breaux & Daigle, Inc. v. United States</u>, 900

F.2d 49, 51 (5th Cir. 1990).  No single factor is determinative, and all facts and

circumstances must be taken into account.  <u>Id.</u> at 51-52; <u>see</u> <u>Donald G. Cave, a</u>

<u>Professional Law Corp. v. Commissioner</u>, 476 Fed. Appx. 424 (5th Cir. 2012),

<u>aff'g</u> T.C. Memo. 2011-48.  A realistic interpretation of the term "employee"

should be adopted, and doubtful questions should be resolved in favor of

employee status in order to accomplish the remedial purposes of the legislation.

<u>Breaux & Daigle, Inc.</u>, 900 F.2d at 52.[7]

The principal's right to exercise control over the agent, whether or not exer-

cised, is the "crucial test" for the existence of an employer-employee relationship.

<u>See</u> <u>Weber</u>, 103 T.C. at 387 (considering the degree to which a principal may

intervene to assert control); secs. 31.3121(d)-1(c)(2), 31.3306(i)-1, 31.3401(c)-

---

[7]The Tax Court generally considers factors resembling those used by the
Court of Appeals for the Fifth Circuit:  (1) the degree of control exercised by the
principal over the worker; (2) which party invests in work facilities; (3) the
worker's opportunity for profit or loss; (4) whether the principal has the right to
discharge the worker; (5) whether the work is part of the principal's regular
business; (6) the permanency of the relationship, and (7) the relationship the
parties believed they were creating.  <u>See, e.g.</u>, <u>Ewens & Miller, Inc.</u>, 117 T.C. at
270.

[*11] 1(b), Employment Tax Regs. The degree of control required varies according to the nature of the services provided. The central inquiry is whether the principal has the right to exercise such control; it is not necessary that the employer stand over the employee and direct his every move. Weber, 103 T.C. at 388.

In Donald G. Cave, a Professional Law Corp., T.C. Memo. 2011-48, this Court concluded that a law firm, acting through its president, exercised substantial control over its associate attorneys because the president controlled the assignment of job tasks, reviewed the associates' work, and determined how they would be paid. Similarly here, we conclude that Mr. Cheshire, as petitioner's president, exercised control over Mr. Smith's activities by assigning him tasks, supervising his performance, and setting his compensation. These facts are highly probative that petitioner controlled the manner in which Mr. Smith performed his work and hence that Mr. Smith was an "employee" of petitioner.

A second factor relevant in deciding a worker's status is whether he has the opportunity for profit (or risk of loss) on the basis of his own efforts and skill. Simpson v. Commissioner, 64 T.C. 974, 988 (1975). This Court has concluded that a taxpayer who earns a salary and receives reimbursement for expenses is not in a position to increase his profit through his own efforts and (conversely) bears

**[\*12]** no risk of loss. This is indicative of an employer-employee relationship. See Weber, 103 T.C. at 390-391; Juliard v. Commissioner, T.C. Memo. 1991-230 (characterizing an individual as an employee where he was paid a salary and reimbursed for expenses).

The evidence establishes that Mr. Smith was not in a position to increase his profits through his own efforts. Mr. Cheshire had sole discretion to determine Mr. Smith's compensation, which was paid in fixed amounts monthly or biweekly.[8] Petitioner reimbursed Mr. Smith for all gasoline expenses incurred in the performance of his duties. These facts favor "employee" status.

The fact that a worker provides his own tools may be indicative of independent contractor status. Ewens & Miller, Inc., 117 T.C. at 271; secs. 31.3121(d)-1(c)(2), 31.3306(i)-1, 31.3401(c)-1(b), Employment Tax Regs. Mr. Smith's principal tasks included picking up cars that petitioner had purchased and delivering cars that petitioner had reconditioned. In performing these tasks, Mr. Smith did not employ his own tools. He was also tasked with obtaining license plates and title certificates for the reconditioned vehicles, and he seems to have used his own car on these missions. While this provides some evidence of

---

[8]Petitioner's general ledger indicates that Mr. Smith received periodic compensation for "direct labor" totaling $14,676 during 2007. He appears to have received one additional payment of $180 labeled as a "commission."

**[*13]** "independent contractor" status, it is far from dispositive. See Juliard, T.C. Memo. 1991-230 (determining that taxpayer's use of his own computer and automobile was insufficient to demonstrate that he was an independent contractor). This third factor is neutral or slightly favors respondent.

A permanent work relationship generally weighs in favor of an employer-employee relationship, whereas a transitory relationship tends to show independent contractor status. Ewens & Miller, Inc., 117 T.C. at 273 (citing Herman v. Express Sixty-Minutes Delivery Serv., Inc., 161 F.3d 299, 305 (5th Cir. 1998)). Although petitioner did not have a written contractual arrangement with Mr. Smith, the relationship in practice appears to have been ongoing. See Twin Rivers Farm, Inc., v. Commissioner, T.C. Memo. 2012-184. Mr. Smith performed services for petitioner throughout 2007 and received compensation categorized as "wages" every month of the year. This fourth factor favors respondent.

The final factor considers the skill required of the individual. In Breaux & Daigle, Inc., the Court of Appeals for the Fifth Circuit observed that "the workers were not specialists called in to solve a problem, but unskilled laborers who performed the essential, everyday chores of * * * [the taxpayer's] operation." 900 F.2d at 52-53 (quoting McLaughlin v. Seafood, Inc., 861 F.2d 450, 452 (5th Cir. 1988), modified, 867 F.2d 875, 876-877 (5th Cir. 1989)). The fact that minimal

**[*14]** skills are required tends to show that the worker is an employee rather than an independent contractor. The fact that the work he performs is integral to the principal's regular business likewise suggests "employee" status. <u>Donald G. Cave, a Professional Law Corp.</u>, 476 Fed. Appx. at 427.

Mr. Smith's duties, which consisted of picking up and delivering cars, license plates, and title certificates, required minimal skill. These tasks were also integral to petitioner's business of reconditioning and reselling used vehicles. This factor, like at least three of the other four factors we have considered, conclusively favors respondent. We accordingly conclude that Mr. Smith was petitioner's common law employee during 2007 and that all payments made to him were wages subject to employment tax.

III.   <u>Section 6651 Additions to Tax and Section 6656 Penalty</u>

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) and (2) and for a penalty under section 6656. Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month or fraction thereof for which there is a failure to file the return, not to exceed 25% in toto. Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to pay timely the tax shown on a return. Section 6656(a) provides for a penalty equal to 10% of the amount of the underpayment of

[*15] employment taxes required to be deposited by an employer, if the deposit is more than 15 days late as determined by section 6656(b). Secs. 6656, 7436(e); see also Ewens & Miller, Inc., 117 T.C. at 268. It is undisputed that petitioner filed no employment tax returns, paid no employment taxes, and deposited no required employment taxes into any Federal depository.

A taxpayer may avoid the additions to tax under section 6651(a)(1) and (2) and the penalty under section 6656 if it can establish that its failure to file, pay, and/or deposit was due to reasonable cause and not willful neglect. Secs. 6651(a)(1), (2), 6656(a); see Charlotte's Office Boutique, Inc., 121 T.C. at 110. Because "one does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due," reliance on a return preparer generally does not establish a "reasonable cause" defense to these penalties. See United States v. Boyle, 469 U.S. 241, 251 (1985). However, reliance on a return preparer may constitute "reasonable cause" if the return preparer furnishes substantive advice on a matter of tax law, such as whether liability exists or whether a return is required. See id. at 250-251; Commissioner v. Am. Ass'n of Eng'rs Emp't, Inc., 204 F.2d 19 (7th Cir. 1953) (no penalty where taxpayer was advised by a reputable tax attorney that he did not have to file a tax

**[*16]** return); <u>Haywood Lumber & Mining Co. v. Commissioner</u>, 178 F.2d 769, 771 (2d Cir. 1950).

Mr. Cheshire testified that he engaged return preparers to prepare petitioner's tax returns. On the basis of his limited testimony, petitioner has not established that anyone on its behalf sought specific advice from return preparers regarding the legal status of its workers for employment tax purposes. Nor has petitioner established that anyone on its behalf provided its return preparers with all relevant information regarding the nature of their employment. Petitioner did not call any return preparer as a witness at trial. We thus find that petitioner has failed to establish reasonable cause for its failure timely to file returns, its failure timely to pay taxes due, and its failure to deposit. <u>See</u> <u>Ramirez v. Commissioner</u>, T.C. Memo. 2007-346. We accordingly sustain the section 6651(a)(1) and (2) additions to tax and the section 6656(a) penalty.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.