126 T.C. No. 8

UNITED STATES TAX COURT


NT, INC. d.b.a. NATURES TOUCH, Petitioner
v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2725-05.          Filed April 19, 2006.


On Feb. 14, 2005, P, a corporation, petitioned the
Court to redetermine R's determination of Federal
income tax deficiencies, additions to tax under sec.
6651(a)(1), I.R.C., and accuracy-related penalties
under sec. 6662(a), I.R.C.  Shortly thereafter, the
State in which P was organized suspended P's corporate
powers, rights, and privileges for failing to pay State
income tax.  R moves the Court to dismiss this case for
lack of prosecution to the extent that it relates to
deficiencies and to find without trial that P is liable
for the additions to tax and accuracy-related penalties
as determined.  R asserts that P's suspension precludes
it from prosecuting this case as to the deficiencies.
R asserts that he bears a burden of production under
sec. 7491(c), I.R.C., as to the additions to tax and
accuracy-related penalties, and that he has met this
burden.

Held:  Pursuant to Rules 60(c) and 123(b), Tax
Court Rules of Practice and Procedure, the Court will

dismiss this case in full in that applicable State law precludes P from prosecuting any part of this case. Although sec. 7491(c), I.R.C., generally places the burden of production on R as to any addition to tax or penalty at issue in this Court, that section is inapplicable where, as here, the petitioning taxpayer is a corporation.

James G. LeBloch, for petitioner.

Michael W. Berwind, for respondent.


OPINION


LARO, Judge:  On February 14, 2005, petitioner petitioned the Court to redetermine respondent's determination of deficiencies of $68,990 and $46,465.20 in its Federal income taxes for its taxable years ended October 31, 1998 and 1999, respectively, additions to tax under section 6651(a)(1) of $10,285.55 and $11,548.25, respectively, and accuracy-related penalties under section 6662(a) of $13,798 and $9,293.04, respectively.[1]  Respondent now moves the Court to dismiss this case to the extent it relates to deficiencies and to find without trial that petitioner is liable for the additions to tax and accuracy-related penalties as determined.  Respondent asserts that petitioner cannot prosecute this case as to the deficiencies

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.

because petitioner's powers, rights, and privileges are suspended by the State in which it was organized. Respondent asserts that he has a burden of production under section 7491(c) as to the additions to tax and accuracy-related penalties, and that he has met this burden. For the reasons stated below, we shall dismiss this case in full and enter a decision for respondent in the amounts determined by respondent.

## Background

On November 24, 1997, petitioner was organized as a corporation under California law. On August 1, 2005, pursuant to Cal. Rev. & Tax. Code secs. 23301 and 23302 (West 2004), the California Franchise Tax Board suspended petitioner's corporate powers, rights, and privileges for failing to pay State income tax. On September 30, 2005, the California secretary of state certified petitioner's suspension and further certified that petitioner remained suspended as of the date of certification. On December 2, 2005, in response to the motion at hand, the Court ordered petitioner to file a statement showing cause why it has the capacity to prosecute this case. In its statement, filed on December 12, 2005, the same day that this case was called for trial, petitioner stated that it was active when it petitioned the Court and that it had ceased doing business. Petitioner also stated that it lacked sufficient assets to pay its State tax and that it had filed for bankruptcy on December 6, 2005.

On December 13, 2005, before this Court held a trial of this case, this Court ordered the case stayed on account of the bankruptcy petition and the automatic stay of 11 U.S.C. sec. 362(a)(8) (2000). On February 15, 2006, the bankruptcy court dismissed petitioner's bankruptcy case and vacated the automatic stay. Petitioner moved the bankruptcy court to vacate its order of dismissal. On March 8, 2006, the bankruptcy court denied petitioner's motion, stating: "The debtor [petitioner] failed to appear at two scheduled creditors meetings and such failures were not satisfactorily explained. In addition, the motion was not served on the trustee or creditors in accordance with Local Rules." On March 22, 2006, this Court ordered that the automatic stay was no longer in effect as to this case.

## Discussion

Whether a corporation may engage in litigation in this Court is determined by applicable State law, which here is the law of California. See Rule 60(c); see also David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270-271 (2000), affd. 22 Fed. Appx. 837 (9th Cir. 2001); Condo v. Commissioner, 69 T.C. 149, 151 (1977). On the basis of our review of that law, in particular Cal. Rev. & Tax. Code secs. 23301 and 23302, we conclude that petitioner, although it had the capacity to commence this case upon the filing of its petition with this Court, now lacks the requisite capacity to continue prosecuting

or defending any part of the case. See <u>United States v. 2.61 Acres of Land</u>, 791 F.2d 666 (9th Cir. 1985); <u>Reed v. Norman</u>, 309 P.2d 809 (Cal. 1957) (and the cases cited therein); see also <u>Grell v. Laci Le Beau Corp.</u>, 73 Cal. App. 4th 1300, 1306 (1999). Thus, given petitioner's inability to prosecute or defend any part of this case, including its lack of capacity to defend itself against the motion at hand, we shall dismiss this case and enter a decision against petitioner as to all matters in dispute. See Rules 60(c), 123(b); see also sec. 7459(d); cf. <u>David Dung Le, M.D., Inc. v. Commissioner</u>, <u>supra</u>.[2]

Petitioner in its petition alleges that respondent bears the burden of proof under section 7491 as to all matters inclusive of the deficiencies, additions to tax, and accuracy-related

---

[2] In <u>David Dung Le, M.D., Inc. v. Commissioner</u>, 114 T.C. 268 (2000), affd. 22 Fed. Appx. 837 (9th Cir. 2001), the Court held that a California corporation lacked the power to file a lawsuit in this Court while its corporate powers were suspended by the State of California. In reaching that holding, the Court quoted Cal. Rev. & Tax. Code secs. 23301 and 23302 (West 2004) and noted that the Supreme Court of California has construed those sections to mean that a corporation may not prosecute or defend an action during the period in which it is suspended. See <u>David Dung Le, M.D., Inc. v. Commissioner</u>, <u>supra</u> at 272. While this Court dismissed the petition in <u>David Dung Le, M.D., Inc.</u> for lack of jurisdiction, we do not do similarly here, where petitioner had the requisite capacity to file the petition that commenced this lawsuit. Where a taxpayer such as petitioner files a timely petition with this Court, our jurisdiction is invoked and remains unimpaired until the controversy is decided notwithstanding events which may occur after the filing of the petition. See <u>Main-Hammond Land Trust v. Commissioner</u>, 17 T.C. 942, 956 (1951), affd. 200 F.2d 308 (6th Cir. 1952); cf. <u>Coninck v. Commissioner</u>, 100 T.C. 495, 498 (1993); <u>Dorl v. Commissioner</u>, 57 T.C. 720, 722 (1972).

penalties.  Respondent in his answer denies this allegation but in his motion asserts that he has a burden of production under section 7491(c) as to the additions to tax and accuracy-related penalties.  For the reasons stated below, we conclude that petitioner has the burden of proof as to issues in this case.

Before section 7491 was added to the Code by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 727, a taxpayer who petitioned this Court generally had the burden of proving that the Commissioner had erred as to any determination in issue.  See Rule 142(a)(1); see also Welch v. Helvering, 290 U.S. 111, 115 (1933).  In certain cases, section 7491 changed this general rule effective for court proceedings arising from examinations commencing after July 22, 1998.  In relevant part, section 7491 provides:

SEC. 7491.  BURDEN OF PROOF.

(a) Burden Shifts Where Taxpayer Produces Credible Evidence.--

(1) General rule.--If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.

(2) Limitations.--Paragraph (1) shall apply with respect to an issue only if--

(A) the taxpayer has complied with the requirements under this title to substantiate any item;

(B) the taxpayer has maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews; and

(C) in the case of a partnership, corporation, or trust, the taxpayer is described in section 7430(c)(4)(A)(ii).

\* \* \* \* \* \* \*

(c) Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title.

By their terms, neither section 7491(a) nor section 7491(c) is applicable here. As to the former, under which the burden of proof may be placed upon the Commissioner as to factual issues relevant to a taxpayer's liability for income, estate, or gift tax, petitioner has not introduced any "credible evidence with respect to any factual issue" concerning the deficiencies determined by respondent. Nor may petitioner do so for purposes of this motion given that it lacks the power to prosecute or defend this case. As to the latter, that section also is inapplicable. Section 7491(c) applies specifically only to the liability of an "individual for any penalty, addition to tax, or

additional amount imposed by this title." See <u>Beiner, Inc. v. Commissioner</u>, T.C. Memo. 2004-219. Petitioner is not an individual; it is a corporation.

Accordingly, to reflect the foregoing,

<u>An appropriate order of dismissal and decision will be entered</u>.