T.C. Memo. 2015-53

UNITED STATES TAX COURT

MIDWEST EYE CENTER, S.C., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14053-13.                    Filed March 23, 2015.

<u>Alan F. Segal</u>, for petitioner.

<u>Kathryn E. Kelly</u> and <u>Mayah Solh-Cade</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined the following deficiencies and addition to tax with respect to petitioner's Federal income tax for tax years 2007 and 2008:

| [*2] Year | Deficiency | Penalty sec. 6662(a) |
|-----------|------------|----------------------|
| 2007      | $313,062   | $62,612              |
| 2008      | 7,608      | -0-                  |

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for consideration are (1) whether the amount paid to petitioner's sole executive and shareholder in 2007 constituted reasonable compensation under section 162(a)(1); and (2) whether petitioner is liable for an accuracy-related penalty under section 6662(a). Other adjustments in the notice of deficiency are either derivative or computational and will be resolved on the basis of the Court's disposition of the disputed issues.

## FINDINGS OF FACT

Some of the facts are stipulated and are so found. Petitioner was a corporation in Illinois when the petition was filed.

Petitioner was an ophthalmology surgery and care center during the tax years at issue. Petitioner operated four locations and employed around 50 employees during the 2007 tax year. Of these 50 employees, 5 were physicians who could perform surgery, 3 were optometrists, 3 were nurses, 2 were surgical

**[\*3]** technicians, 10 were nonsurgical technicians, and 15 were nonadministrative employees. The remaining employees served administrative functions. Petitioner had at least one manager at each of its four locations, a full-time billing specialist, a number of front office staff, and a bookkeeper.

Dr. Afzal Ahmad (Dr. Ahmad) was petitioner's president, medical director, and 100% shareholder. Dr. Ahmad was also petitioner's chief executive officer (CEO), chief operation officer (COO), and chief financial officer (CFO). These positions required him to perform various managerial tasks. He was also an active surgeon in the practice. Dr. Ahmad received a salary of $30,000 every two-week pay period. He also received a substantial bonus at the end of each year. During the tax years at issue his compensation was:

| Year | Salary | Bonus | Total compensation |
|------|--------|-------|--------------------|
| 2007 | $780,000 | $2,000,000 | $2,780,000 |
| 2008 | 690,000 | 1,100,000 | 1,790,000 |

Dr. Ahmad's bonus for 2007 was paid out via four separate checks totaling $500,000 each. The dates of these payouts were: November 8, November 21, December 5, and December 20, 2007.

[*4] In 2007 Dr. Ahmad's workload increased because of two events. First, one of petitioner's busier surgeons, Dr. Goyal, quit unexpectedly in June. As a result Dr. Ahmad was required to take over Dr. Goyal's prescheduled patients. Second, petitioner's only other retinal specialist, Dr. Irma Ahmed (Dr. I. Ahmed), began to reduce her workload because she planned to leave to begin her own practice. Dr. Ahmad began taking on Dr. I. Ahmed's patients in anticipation of her departure. During the relevant years the billings of each physician were:

| Year | Dr. Ahmad | Dr. Goyal | Dr. I. Ahmed | Total billings |
|------|-----------|-----------|--------------|----------------|
| 2007 | $5,401,915 | $743,354 | $1,554,937 | $15,512,343 |
| 2008 | 4,931,361 | -0- | 921,973 | 14,040,135 |

## Tax Returns

Petitioner filed timely Forms 1120, U.S. Corporation Income Tax Return, for the years at issue. Petitioner reported gross receipts of $7,309,385 and $6,742,374 for 2007 and 2008, respectively. It reported a tax loss for 2007 and taxable income of zero for 2008.

Petitioner hired a professional return preparer to aid in the preparation of its returns. On its 2007 return petitioner deducted $2,780,000 for Dr. Ahmad's compensation. On its 2008 return petitioner deducted a net operating loss carryforward of $50,434.

[*5] Notice of Deficiency

Respondent disallowed $1 million of the claimed bonus compensation deduction for 2007. Respondent determined that this amount was a disguised dividend rather than bonus compensation. As a result of that adjustment, respondent also disallowed deductions for $29,000 of the claimed taxes and licenses expenses for 2007 and all of the claimed net operating loss carryforward for 2008. Respondent also determined that petitioner was liable for an accuracy-related penalty under section 6662 of $62,612 for 2007.

OPINION

I.    Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). The taxpayer likewise bears the burden of proving its entitlement to deductions allowed by the Code and of substantiating the amounts of items underlying claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Under section 7491(a), in certain circumstances, the burden of proof may shift from the taxpayer to the Commissioner. Petitioner has not claimed or shown that it meets the requirements

[*6] of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue. The burden of proof remains with petitioner.

II.    Section 162

Deductions are a matter of legislative grace and are allowed only as specifically provided by statute. INDOPCO, Inc. v. Commissioner, 503 U.S. at 84; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers are required to substantiate each claimed deduction by maintaining records sufficient to establish the amount of the deduction and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001).

Section 162(a)(1) allows taxpayers to deduct "ordinary and necessary expenses", including a "reasonable allowance for salaries or other compensation for personal services actually rendered". Thus, compensation is deductible only if (1) reasonable in amount and (2) paid or incurred for services actually rendered. See sec. 1.162-7(a), Income Tax Regs. Whether amounts paid as wages are reasonable compensation for services rendered is a question of fact to be decided on the basis of the facts and circumstances of each case. Estate of Wallace v. Commissioner, 95 T.C. 525, 553 (1990), aff'd, 965 F.2d 1038 (11th Cir. 1992). Bonuses paid to employees are deductible "when * * * made in good faith and as

**[*7]** additional compensation for the services actually rendered by the employees, provided such payments, when added to the stipulated salaries, do not exceed a reasonable compensation for the services rendered." Sec. 1.162-9, Income Tax Regs.

Petitioner contends that it is entitled to deduct the full amount of Dr. Ahmad's compensation as an ordinary and necessary business expense under section 162. Respondent asserts that $1 million of Dr. Ahmad's bonus compensation is a disguised dividend.

### A.     The Independent Investor Test

For compensation to be deductible, it "may not exceed what is reasonable under all the circumstances." Sec. 1.162-7(b)(3), Income Tax Regs. The Court of Appeals for the Seventh Circuit, in Exacto Spring Corp. v. Commissioner, 196 F.3d 833, 839 (7th Cir. 1999), rev'g Heitz v. Commissioner, T.C. Memo. 1998-220, has held that to determine whether payments of compensation are reasonable, an "independent investor test" should be applied. See also Mulcahy, Pauritsch, Salvador & Co. v. Commissioner, 680 F.3d 867 (7th Cir. 2012), aff'g T.C. Memo. 2011-74; Menard, Inc. v. Commissioner, 560 F.3d 620, 623 (7th Cir. 2009), rev'g T.C. Memo. 2004-207. If the independent investor test applies then there is a

**[*8]** rebuttable presumption that the compensation payment was reasonable. See

Exacto Spring Corp. v. Commissioner, 196 F.3d at 839.

Both petitioner and respondent contend that petitioner is not entitled to the

presumption provided by the independent investor test.[1] Therefore, the

presumption of reasonableness is not applied to petitioner.

B.      Reasonableness

Without the presumption of reasonableness petitioner must show that the

bonuses paid to Dr. Ahmad were otherwise reasonable. Generally, "reasonable

and true compensation is only such amount as would ordinarily be paid for like

services by like enterprises under like circumstances". Sec. 1.162-7(b)(3), Income

Tax Regs. Similarly, the Court of Appeals for the Seventh Circuit has

acknowledged that when the presumption does not apply "other factors besides the

percentage of return on equity have to be considered, in particular comparable

salaries." Mulcahy, Pauritsch, Salvador & Co. v. Commissioner, 680 F.3d at 871.

Evidence of comparable salaries is helpful only if it "takes into account the details

---

[1]Although the presumption would be applied to petitioner's benefit, petitioner contends on brief that it is impossible to generate a meaningful comparison of petitioner's business because there are no businesses sufficiently similarly situated. Because of this lack of comparability, petitioner contends that the independent investor test cannot be applied.

**[*9]** of the compensation package of each of the compared executives, and not just the bottom-line salary." Menard, Inc. v. Commissioner, 560 F.3d at 623.

Petitioner produced no evidence of comparable salaries. Instead, petitioner argues that there are no "like enterprises" under "like circumstances" from which to draw comparisons. Petitioner argues that Dr. Ahmad's large bonus was reasonable for several other reasons. Petitioner points to Dr. Ahmad's increased workload during 2007 and the various roles that Dr. Ahmad performed, such as CEO, CFO, and COO, and the corresponding managerial duties of those positions. However, petitioner did not provide any methodology to show how Dr. Ahmad's bonus was determined in relation to these responsibilities.

Petitioner did not explain how the amount of the bonus was determined and why it was divided into four payments. Dr. Goyal left in June, and Dr. Ahmad increased his surgeries and therefore billings as a result. Petitioner did not explain how the increased billings translated to bonus payments. Petitioner did not provide evidence to show that the full $2 million bonus was reasonable. Accordingly, petitioner did not meet its burden.

Because petitioner failed to show that the bonus constituted reasonable compensation, we do not reach the issue of whether it was paid or incurred for services actually rendered.

**[\*10]** III.    <u>Section 6662(a) Penalty</u>

Respondent determined that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) for tax year 2007.  Section 6662(a) imposes a 20% penalty on any underpayment attributable to, among other things, negligence or disregard of rules or regulations within the meaning of subsection (b)(1), or any substantial understatement of income tax within the meaning of subsection (b)(2). Only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to the penalty on more than one of the grounds set out in subsection (b).  Sec. 1.6662-2(c), Income Tax Regs.  The amount of the understatement is reduced to the extent it is attributable to a tax treatment for which the taxpayer had substantial authority.  Sec. 6662(d)(2)(B).  Substantial authority for a tax treatment exists only if the weight of the authorities supporting the treatment is substantial in relation to the weight of the authorities supporting contrary treatment.  Sec. 1.6662-4(d)(3)(i), Income Tax Regs.

Petitioner, as a corporation, bears the burden of proving that it is not liable for the accuracy-related penalty pursuant to section 6662(a).  <u>See</u> <u>NT, Inc. v. Commissioner</u>, 126 T.C. 191, 195 (2006).

[*11] The penalty is applicable if the underpayment is attributable to a substantial understatement of income tax as defined in section 6662(d)(1)(A). See Janis v. Commissioner, T.C. Memo. 2004-117, slip op. at 28, aff'd, 469 F.3d 256 (2d Cir. 2006). In the case of a corporation (other than an S corporation or a personal holding company), the phrase "substantial understatement of income tax" means an understatement that exceeds the lesser of (1) 10% of the tax required to be shown on the return for the taxable year (or, if greater, $10,000) or (2) $10 million. Sec. 6662(d)(1)(B). As discussed above, petitioner understated its tax by $313,062 for 2007. Petitioner's return shows a tax loss for 2007. Because this understatement exceeds $10,000 and exceeds 10% of the total tax required to be shown on the return, the understatement was substantial.

Petitioner therefore is liable for the accuracy-related penalty unless it can show it had reasonable cause for and acted in good faith regarding the underpayment. See sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. For purposes of section 6664(c) a taxpayer may establish reasonable cause and good faith by showing reliance on professional advice. Sec. 1.6664-4(b)(1), Income Tax Regs. A taxpayer relies reasonably on professional advice if he or she proves the following by a preponderance of the evidence: (1) the adviser was a competent professional who had sufficient expertise to justify reliance, (2) the

**[*12]** taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Petitioner failed to provide any evidence about the identity of its tax return preparer, the information it provided to its tax return preparer, or whether it relied on the preparer's judgment. Moreover, the tax return preparer did not testify at trial. Petitioner has not shown that it had reasonable cause or acted in good faith.

Additionally, petitioner failed to show that it is entitled to a partial reduction of the penalty pursuant to section 6662(d)(2)(B) because it did not show that it relied on substantial authority for its tax treatment of the bonus payments.

Accordingly, petitioner is liable for the accuracy-related penalty under section 6662(a) to the extent of the understatement as calculated herein.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered for

respondent.