**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2015-49


UNITED STATES TAX COURT


JOHN C. HOM & ASSOCIATES, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1465-13S L.                    Filed August 17, 2015.


John C. Hom (an officer), for petitioner.

<u>Bryant W. H. Smith</u> and <u>Sarah E. Sexton</u>, for respondent.


SUMMARY OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case is before the Court on petitioner's request for review of respondent's determination to sustain a notice of Federal tax lien relating to an assessment for penalties under section 6721(e) for intentional disregard of the information return filing requirement.[2]

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulations of fact and the accompanying exhibits.

Petitioner is a California corporation with its principal place of business in Marin County, California, when it filed the petition. John C. Hom (Mr. Hom) is petitioner's owner and president. Petitioner was incorporated in 1986. The California Franchise Tax Board suspended the powers, rights and privileges of

---

[1](...continued)
Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner attached two additional notices of determination to the petition. These notices related to liabilities other than the sec. 6721(e) penalty. At trial, petitioner conceded all issues other than the liability for the sec. 6721(e) penalty. Respondent has not determined, nor made an alternative claim, that petitioner is liable for a penalty under sec. 6721(a).

petitioner on March 1, 2004. The powers, rights and privileges of petitioner were revived on April 11, 2012, before the petition in this case was filed.

During the years 2004 and 2006 petitioner was a geotechnical engineering firm specializing in soil testing services and providing geotechnical consulting. Mr. Hom was the only licensed engineer on petitioner's staff. Mr. Hom performed geotechnical investigations for various projects, such as parking lots and retaining walls. Mr. Hom explored the subsurface conditions of proposed jobsites and analyzed the results of fieldwork to provide recommendations for construction. During construction, Mr. Hom inspected the site grading and observed the installation of drainage facilities. Upon completion of construction, Mr. Hom performed a final inspection of the construction project. In 2002 Mr. Hom decided to become a professional poker player. Since then, he has spent more time in poker playing activities and less time working as an engineer.

For the 2004 and 2006 years petitioner issued Forms W-2, Wage and Tax Statement, to employees, but failed to file those forms and the Forms W-3, Transmittal of Wage and Tax Statements, with the Social Security Administration (SSA). Mr. Hom generally followed a procedure for issuing Forms W-2 to employees and filing Forms W-2 and W-3 with the SSA. After mailing the forms to the SSA, Mr. Hom would save copies of the Forms W-2 and W-3 on his

computer. Because Mr. Hom retained copies of the 2004 and 2006 Forms W-2 and W-3 on his computer, he believed that he had completed the previous step of filing those forms with the SSA.

Respondent assessed penalties against petitioner pursuant to section 6721(e) for intentional disregard of the Form W-2 and W-3 filing requirement in the amounts of $2,070.30 for 2004 and $8,018.75 for 2006. On August 2, 2011, respondent filed a notice of Federal tax lien[3] against petitioner. On September 6, 2011, petitioner submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. On November 15, 2012, respondent's Settlement Officer (SO) Linda L. Cochran conducted a collection due process hearing with Mr. Hom by telephone. Mr. Hom disputed the underlying tax liabilities but did not provide any documents to support petitioner's position regarding the underlying tax liabilities. SO Cochran sustained the lien action for the section 6721(e) penalties and issued a notice of determination on December 13, 2012. Petitioner timely filed a petition. As indicated, at trial petitioner conceded all issues except for the section 6721(e) penalties.

---

[3]We note that respondent's pretrial memorandum states that respondent filed a Federal tax lien on August 2, 2011. We presume that respondent meant that a "notice" of Federal tax lien was filed on August 2, 2011.

On December 17, 2013, respondent filed a motion for summary judgment and a declaration of SO Cochran in support of respondent's motion for summary judgment. On September 10, 2014, the Court denied respondent's motion for summary judgment. Attached to SO Cochran's declaration is a letter from Revenue Officer Steve Bugos to Appeals dated April 3, 2012. In respondent's posttrial memorandum, respondent conceded that Revenue Officer Bugos' letter was a prohibited ex parte communication.[4]

## Discussion

We have jurisdiction under section 6330(d)(1) to review respondent's determination that the notice of Federal tax lien was proper and that respondent may proceed to collect by it.[5] In reviewing the Commissioner's decision to sustain collection actions, where the validity of the underlying liability is properly at issue, the Court reviews the Commissioner's determination of the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v.

---

[4]In particular, respondent conceded that the statements (1) "He is difficult to deal with." and (2) "He is very argumentative and unwilling to listen." were prohibited ex parte communications.

[5]The Pension Protection Act of 2006, Pub. L. No. 109-280, sec. 855, 120 Stat. at 1019, amended sec. 6330(d) and granted this Court jurisdiction over all sec. 6330 determinations made after October 16, 2006. Perkins v. Commissioner, 129 T.C. 58, 63 n.7 (2007).

Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews any other administrative determination regarding proposed collection actions for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.

At the collection hearing a taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including spousal defenses, challenges to the appropriateness of the collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). In addition, he may challenge the existence or amount of the underlying tax liability, but only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B).

Petitioner did not have a prior opportunity to dispute the underlying tax liabilities because the section 6721(e) penalties that generated the underlying liabilities are not penalties for which respondent was required to issue a notice of deficiency.[6] Therefore, petitioner was properly allowed to contest the section 6721(e) penalties for intentionally disregarding the 2004 and 2006 Form W-2 and W-3 filing requirement. See sec. 6330(c)(2)(B); see also Montgomery v.

---

[6]Generally sec. 6213(a) provides that no assessment of a deficiency in respect of any tax imposed by subtit. A or B or ch. 41, 42, 43, or 44 may be made unless a notice of deficiency is mailed to the taxpayer providing an opportunity for review by the Tax Court. The penalty under sec. 6721(e), is found in ch. 68, subch. B, Assessable Penalties, and thus is not subject to deficiency procedures.

Commissioner, 122 T.C. 1, 5-10 (2004); Sego v. Commissioner, 114 T.C. at 609; Goza v. Commissioner, 114 T.C. at 180-181. Accordingly, we review respondent's determination de novo.

I.      Ex Parte Communication

Respondent has conceded that there was a prohibited ex parte communication between Revenue Officer Bugos and Appeals. We must decide what action, if any, the Court should take as a result of the prohibited ex parte communication. In Drake v. Commissioner, 125 T.C. 201, 210 (2005), the case was remanded to the Appeals Office for a new section 6330 hearing with an independent Appeals officer who had received no communication relating to the credibility of the taxpayer or the taxpayer's representative. See also Indus. Investors v. Commissioner, T.C. Memo. 2007-93; Moore v. Commissioner, T.C. Memo. 2006-171. In Sapp v. Commissioner, T.C. Memo. 2006-104, we concluded that the ex parte communications did not prejudice the taxpayer in part because the taxpayer made only tax-protester arguments before Appeals.

Respondent urges us to not remand this case to the Appeals Office, noting that Congress did not provide "'a specific remedy for prohibited ex parte communications'," quoting Moore v. Commissioner, T.C. Memo. 2006-171. Respondent urges that, because the proper level of scrutiny in this case is de novo

review and we have already conducted a trial on the merits, we are in a better position to adjudicate petitioner's challenge of the underlying tax liabilities than a different settlement officer.  If we remand the case to respondent's Appeals Office, the case will potentially come before us again when respondent issues a new notice of determination.  Since we have already held a trial on the merits, we conclude that remand of this case to the Appeals Office for a new section 6330 hearing would unnecessarily burden petitioner and respondent with a second hearing and possibly with a second trial on the merits.  Since we review the matter de novo, we will not remand this case to the Appeals Office.

II.     Section 6721(e) Penalty

Section 6051(a) requires an employer to provide Forms W-2 to its employees.  Petitioner complied with this provision.  Section 6051(d) permits the Secretary to prescribe regulations requiring duplicate Forms W-2 to be filed with the Secretary.  Section 31.6051-2, Employment Tax Regs., requires an employer to file copies of Forms W-2 and a transmittal Form W-3 with the SSA.  Section 6721(a) imposes a penalty of $50 for each Form W-2 that an employer fails to file with the SSA.  When the employer intentionally disregards the filing requirement of Form W-2 in section 31.6051-2, Employment Tax Regs., section 6721(e) increases the penalty that would otherwise be calculated under section 6721(a) to

the greater of $100 for each Form W-2 or 10% of the total wages required to be reported on Form W-2.

Petitioner has the burden of proving that respondent's determination to assess the section 6721(e) penalties is inappropriate.  See Rule 142(a)(1).  While section 7491(c) places a burden of production upon the Commissioner with respect to an individual's liability for a section 6721(e) penalty, section 7491(c) is not applicable where the taxpayer is a corporation as in this case.  See NT, Inc. v. Commissioner, 126 T.C. 191, 194-195 (2006).

Section 301.6721-1(f)(2), Proced. & Admin. Regs., defines intentional disregard as knowing or willful according to the facts and circumstances.  Section 301.6721-1(f)(3), Proced. & Admin Regs., provides that the facts and circumstances to be considered include, but are not limited to:

>    (i)  Whether the failure to file timely * * * is part of a pattern of conduct by the person who filed the return of repeatedly failing to file timely * * *;

>    (ii)  Whether correction was promptly made upon discovery of the failure;

>    (iii)  Whether the filer corrects a failure to file * * * within 30 days after the date of any written request from the Internal Revenue Service to file * * *; and

(iv)  Whether the amount of the information reporting penalties is less than the cost of complying with the requirement to file timely
* * *

In Gerald B. Lefcourt, P.C. v. United States, 125 F.3d 79, 83 (2d Cir. 1997), the Court of Appeals defined "intentional disregard" in the context of section 6721(e) as voluntary, conscious, and intentional conduct.  In other words, the penalty applies when the failure was not accidental, unconscious, or inadvertent.  See id. In American Vending Group, Inc. v. United States, 103 A.F.T.R.2d (RIA) 2009-2181(D. Md. 2009), the District Court concluded that the taxpayer did not act with intentional disregard and the failure to file was accidental where the Forms W-2 and W-3 were prepared but were likely misplaced on a messy desk and not filed. In In re Flanary & Sons Trucking, Inc., 93 A.F.T.R.2d (RIA) 2004-1078 (Bankr. E.D. Tenn. 2004), the bankruptcy court concluded that the taxpayer did not act with intentional disregard where an officer testified that he had mailed the Forms W-2 and W-3 and that if they had not been received by the Service, it was not because of intentional disregard on his part.  The bankruptcy court noted that "[w]hile a taxpayer's testimony as to the mere mailing of the return may be insufficient as a matter of law to establish actual filing, such testimony is clearly pertinent when ascertaining whether the taxpayer knowingly or willfully disregarded its filing obligations."  Id.  We now consider the facts and

circumstances presented herein to decide whether petitioner intentionally disregarded the filing obligation.

A.    Pattern of Conduct

Petitioner failed to file the 2004 and 2006 Forms W-2 and W-3 with the SSA. The failure to file these forms for two years in and of itself does not establish a pattern of conduct.

We note that SO Cochran determined that there was a pattern of conduct because petitioner has a mixed history in (1) failing to file Forms 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, and Forms 941, Employer's Quarterly Federal Tax Return, (2) filing these forms late, or (3) both. Mr. Hom testified, however, that petitioner may not have had employees during some of the periods where Forms 940 or 941 were not filed. Mr. Hom was the sole engineer on petitioner's staff. Since 2002, Mr. Hom has spent less time working as an engineer and more time pursing an activity as a professional poker player. There is not sufficient evidence in the record for this Court to determine for what periods petitioner either failed to file Forms 940 and 941 or filed these forms late. Nor is there sufficient evidence for us to conclude whether petitioner was required to file Forms 940 and 941 for any period where petitioner either failed to file these forms or filed these forms late. If petitioner was required to file Forms 940 and 941 and

failed to file them for some periods, we are not convinced that this failure would establish a pattern of conduct that includes the failure to file the 2004 and 2006 Forms W-2 and W-3. We conclude that this factor is neutral.

### B. Correction of Failure To File

There is no evidence in the record that respondent ever prompted petitioner to correct the failure to file the 2004 and 2006 Forms W-2 and W-3. The record is unclear on whether petitioner ever attempted to correct the failure to file. Mr. Hom testified that he provided counsel for respondent with copies of these forms as part of discovery in this case but did not address whether he had provided these forms to respondent previously. We have concluded on the basis of the record that Mr. Hom believed that petitioner had filed the 2004 and 2006 Forms W-2 and W-3. Absent respondent's prompting, Mr. Hom would have no reason to know that petitioner needed to correct the failure to file. Therefore, this factor is neutral.

### C. Cost of Complying Versus Amounts of Penalties

Since no payment is required with the filing of Forms W-2 and W-3, there is no cost of complying with the provision other than the time taken to prepare the Forms W-2 and W-3 and the cost of postage. The section 6721(e) penalties assessed are $2,070.30 for 2004 and $8,018.75 for 2006. Any rational taxpayer

would comply with the reporting requirement and avoid the risk of assessment of this penalty.  Therefore, this factor favors petitioner.

D.     Conclusion Regarding Section 6721(e) Penalties

Mr. Hom testified convincingly that he believed that he filed the 2004 and 2006 Forms W-2 and W-3 because he had retained copies of the forms on his computer and he was in the habit of storing the copies on his computer after the forms were filed.  In addition, there was no pattern of conduct that would indicate that petitioner consistently failed to file Forms W-2 and W-3 since the forms were unfiled only for 2004 and 2006.  We conclude that while the evidence is insufficient to establish actual filing, the evidence does establish that petitioner did not intentionally disregard its filing obligation for Forms W-2 and W-3.  Therefore, petitioner is not liable for the penalty for intentional disregard of the filing requirement under section 6721(e).

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

An appropriate decision will be entered.