T.C. Memo. 2019-63

UNITED STATES TAX COURT

AMNESTY NATIONAL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4570-17.                          Filed June 3, 2019.

Darlene R. Esposito (an officer), for petitioner.

<u>William J. Gregg</u>, <u>Bartholomew Cirenza</u>, and <u>Benjamin H. Weaver</u>, for

respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  With respect to petitioner's Federal income tax for 2014,

the Internal Revenue Service (IRS or respondent) determined a $19,006 deficiency

**[\*2]** in tax and a $3,801 accuracy-related penalty under section 6662(a).[1]

Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of fact and that he is entitled to judgment as a matter of law. We will grant the motion and sustain respondent's determinations.

Background

The following facts are derived from the parties' pleadings, respondent's motion papers, including the exhibits attached thereto, and facts deemed established under Rule 91(f). Petitioner had its principal place of business in New Jersey when it timely petitioned this Court.

Petitioner during 2014 was a New Jersey corporation taxable under subchapter C. Petitioner's sole officer, shareholder, and employee was Darlene Esposito, who appeared on its behalf in this Court. Petitioner filed a Form 1120, U.S. Corporation Income Tax Return, for 2014. On this return it reported gross receipts of $27,671, a $9,500 offset against gross receipts for claimed "returns and allowances," and dividend income of $38,908, yielding total reported income of $57,079. Petitioner claimed deductions totaling $44,805 for compensation of offi-

---

[1]All statutory references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar.

**[\*3]** cers, pension and profit sharing plans, employee benefits, depreciation, and unspecified "other" deductions.

On November 30, 2016, the IRS issued petitioner a timely notice of deficiency for 2014 disallowing for lack of substantiation the claimed offset against gross receipts and all of the claimed deductions.  The notice also disallowed, for lack of substantiation, reported capital losses of $70,888.[2]  Concluding that petitioner was taxable as a "qualified personal service corporation," the IRS calculated the tax using a flat 35% rate, see secs. 11(b)(2), 448(d)(2), and determined the deficiency and penalty set forth above.

On February 27, 2017, Ms. Esposito filed a petition in her name seeking redetermination of Amnesty National's deficiencies for 2014 and 2015.  She attached to the petition the notice of deficiency referenced above, but no IRS notice regarding her own tax liability or that of Amnesty National for 2015.  Representing that no notice of deficiency had been issued to Ms. Esposito, respondent moved to dismiss for lack of jurisdiction with respect to the 2015 tax year and to substitute Amnesty National for Ms. Esposito as the petitioner in this case.  We

---

[2]Petitioner reported no capital gains, and a C corporation cannot deduct capital losses against its other income.  See sec. 1211.  The effect of disallowing petitioner's capital losses was thus to prevent them from being carried to another year.  See sec. 1212.

**[*4]** granted both motions. Thus, the only tax liability currently before us is Amnesty National's corporate income tax liability for 2014.

On January 17, 2018, respondent sent petitioner a letter informally requesting that it produce documents to substantiate its claimed deductions and inviting Ms. Esposito to a conference on February 9, 2018. The day before the scheduled conference, Ms. Esposito informed respondent's counsel that she would not appear but would forward any available documents by February 16, 2018. Respondent's counsel never received any documents. He sent a second letter to Ms. Esposito on February 21, 2018, explaining that he would serve formal discovery if she did not respond. She did not respond.

On February 28, 2018, pursuant to Rule 72, respondent served on petitioner a request for production of documents, including the following:

• invoices and receipts to substantiate the claimed reduction to gross receipts for returns and allowances;

• contracts, canceled checks, or other documents to substantiate the claimed deduction for compensation of officers;

• plan documents, canceled checks, or other documents to substantiate the claimed deductions for pension, profit sharing plans, and employee benefits;

**[\*5]**  • invoices showing cost basis and schedules to substantiate the claimed deduction for depreciation;

• bills, invoices, and canceled checks to substantiate the claimed "other" deductions; and

• brokerage statements and transaction slips to substantiate the claimed capital losses.

After receiving no response from petitioner during the ensuing eight weeks, respondent filed on April 17, 2018, a motion to compel production of documents. We granted that motion and directed petitioner to produce the requested documents by May 7, 2018. When petitioner produced no documents by that date, respondent moved to impose sanctions. By order dated May 17, 2018, we directed petitioner to respond to that motion by May 25, 2018, warning that failure to respond could lead to an order that "all documents covered by respondent's request which petitioner should have produced to respondent shall be excluded from evidence in this case." Petitioner produced no documents by May 25, 2018.

Four months later, on September 21, 2018, Ms. Esposito filed a response to our May 17, 2018, order. Her response consisted of eight pages of irrelevant material that did not address, much less supply justification for, petitioner's failure to produce the requested documents. On September 24, 2018, as authorized by Rule

**[\*6]** 104(c), we granted respondent's motion for sanctions, ordering that "petitioner shall not be permitted to introduce into evidence at trial any documents that should have been made available to IRS counsel in response to this Court's order dated April 24, 2018," and that "petitioner shall be deemed to have no documentary evidence relating to the matters enumerated in respondent's Request for Production of Documents served on petitioner on February 28, 2018."

On April 17, 2018, respondent also filed a motion to show cause why proposed facts and evidence, as set forth in a proposed stipulation of facts, should not be accepted as established under Rule 91(f). One proposed fact was that petitioner "has no substantiation for" any of the deductions claimed on its Form 1120 for 2014. We directed petitioner to show cause by May 14, 2018, why the matters covered by respondent's proposed stipulation of facts should not be deemed established. On May 18, 2018, petitioner filed a response to our order that was evasive --indeed, barely intelligible--and was not fairly directed to the proposed stipulation. See Rule 91(f)(3). On September 24, 2018, we made our order to show cause absolute, ordering that "the facts and evidence set forth in respondent's proposed Stipulation of Facts, marked Exhibit A to respondent's motion to show

**[\*7]** cause filed April 17, 2018, are hereby deemed established for purposes of this case."[3]

On March 13, 2019, respondent filed a motion for summary judgment contending that there are no disputed issues of material fact because all relevant facts have been conceded or deemed established. On March 14, 2019, we directed petitioner to respond to that motion by April 15, 2019. On April 22, 2019, petitioner filed a response that does not address respondent's motion or otherwise suggest that there exist any disputed issues of material fact.

## Discussion

### A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520

---

[3]On September 6, 2018, respondent submitted a supplemental stipulation of facts, including a copy of petitioner's Form 1120 for 2014 and its IRS account transcript. In our September 24, 2018, order we directed petitioner to show cause why that supplemental stipulation of facts should not be accepted as established. Petitioner filed no response, and on March 14, 2019, we made that order absolute and deemed the supplemental stipulation of facts established.

**[\*8]** (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Ibid.  However, the nonmoving party "may not rest upon the mere allegations or denials" of its pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial."  Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.  Petitioner has set forth no facts showing that there is a genuine dispute for trial.  We conclude that this case is appropriate for summary adjudication.

B.      Disallowed Deductions

On its 2014 Form 1120 petitioner reported total income of $66,579.  This equaled the sum of gross receipts of $27,671 and dividends of $38,908.  The IRS did not adjust these figures, and there is no dispute concerning petitioner's income.

The notice of deficiency disallowed a reduction to gross receipts of $9,500 for "returns and allowances" and claimed expense deductions for compensation of officers, pension and profit sharing plans, employee benefits, depreciation, and unspecified "other" deductions ($44,805 in the aggregate), yielding total adjustments of $54,305.  The IRS also disallowed reported capital losses of $70,888, which did not affect computation of the deficiency.

**[\*9]** Deductions are a matter of legislative grace. The taxpayer bears the burden of proving its entitlement to all deductions claimed. Rule 142(a). The taxpayer also bears the burden of substantiating its claimed deductions by keeping and producing records sufficient to enable the IRS to determine the correct tax liability. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), (e), Income Tax Regs.

Through informal and formal discovery, respondent repeatedly requested production of documents substantiating petitioner's offset to gross receipts, each category of claimed expense deductions, and the claimed capital losses. After petitioner repeatedly failed to comply with these requests and our orders, we granted respondent's motion for sanctions, ordering that petitioner "shall be deemed to have no documentary evidence relating to the[se] matters." Because petitioner has failed to carry its burden of proving its entitlement to the gross receipts offset, expense deductions, and losses reported on its return, we sustain all of the adjustments determined in the notice of deficiency.

C. Tax Calculation

For 2014, the tax year at issue, C corporations were generally taxed at the graduated rates specified in section 11(b)(1). However, a "qualified personal service corporation" as defined in section 448(d)(2) was ineligible for graduated rates

[*10] and was subject to income tax at a flat rate of 35%. See sec. 11(b)(2). A "qualified personal service corporation" was a corporation (1) substantially all of whose activities involved the performance of services in specified professional fields and (2) substantially all of whose stock was owned by employee(s) performing services for the corporation. See sec. 448(d)(2).

The IRS determined in the notice of deficiency that petitioner was a "personal service corporation" because substantially all of its activities involved the performance of services by Ms. Esposito, its sole officer, shareholder, and employee. Petitioner's Form 1120 arguably contained an admission to this effect, because it included a fully completed Schedule H, Section 280H Limitations for a Personal Service Corporation (PSC). In any event petitioner has not disputed, at any point in this case, the IRS' determination that it is a qualified personal service corporation. We accordingly sustain the calculation of tax as set forth in the notice of deficiency.

D.    Accuracy-Related Penalty

The notice of deficiency determined a 20% accuracy-related penalty under section 6662(a), concluding that "all or part of the underpayment of tax * * * is attributable to * * * negligence or disregard of rules or regulations." See sec. 6662(b)(1). "Negligence" includes "any failure to make a reasonable attempt to

[*11] comply" with the internal revenue laws, and "disregard" includes "any careless, reckless, or intentional disregard." Sec. 6662(c).

Since petitioner is a corporation, respondent has no burden of production with respect to the penalty. See sec. 7491(c) (providing that the Secretary shall have the burden of production "with respect to the liability of any individual for any penalty"); NT, Inc. v. Commissioner, 126 T.C. 191, 195 (2006). The section 6662 penalty does not apply to any portion of an underpayment "if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to * * * [it]." Sec. 6664(c)(1). The decision whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. A taxpayer may be able to demonstrate reasonable cause and good faith by showing reliance on professional advice. Ibid.

Petitioner has woefully failed to make this showing. From all that appears, petitioner failed to maintain during 2014 adequate business records as required by section 6001. Petitioner supplied no documentary evidence of any kind to substantiate the deductions at issue. And petitioner has not alleged any reliance on

**[\*12]** professional advice.  We accordingly sustain respondent's determination of a negligence penalty.[4]

To implement the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.

---

[4]Petitioner does not challenge the IRS' compliance with section 6751(b), which requires that the initial determination of any penalty be "personally approved (in writing) by the immediate supervisor of the individual making such determination."  See <u>Chai v. Commissioner</u>, 851 F.3d 190, 217-218 (2d Cir. 2017), <u>aff'g in part, rev'g in part</u> T.C. Memo. 2015-42.