# United States Tax Court

T.C. Memo. 2024-38

AMGEN INC. & SUBSIDIARIES,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket Nos. 16017-21, 15631-22.                    Filed April 4, 2024.

————

*Andrew P. Crousore* and *Rajiv Madan*, for petitioner.

*Jill A. Frisch*, *Cathy A. Goodson*, *Usha Ravi*, *Julie P. Gasper*, *Kathryn F. Patterson*, *John M. Altman*, and *Elizabeth P. Flores*, for respondent.

## MEMORANDUM OPINION

GREAVES, *Judge*: The primary issue in these consolidated cases is the Commissioner's allocation of income under section 482 between Amgen Inc. and Amgen Manufacturing Limited.[1]  Currently before the Court is respondent's June 12, 2023, Motion for Partial Summary Judgment contending that the Internal Revenue Service (IRS) complied with the requirements of section 6751(b)(1) by securing timely supervisory approval for all penalties included in the notice of deficiency, dated April 15, 2022, related to tax years 2013 through 2015.[2] For the reasons set forth below, we will grant respondent's motion.

———

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent issued a prior notice of deficiency, dated June 29, 2021, to petitioner relating to tax years 2010 through 2012 but did not determine penalties for

[*2]                                  *Background*

The following facts are derived from the pleadings, the parties' motion papers, and the exhibits and declarations attached thereto. They are stated solely for purposes of deciding respondent's motion and not as findings of fact in these cases. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

Petitioner is the parent corporation of a multinational group of consolidated corporations and affiliated companies, specializing in biologic therapeutics. Petitioner had its principal place of business in California when it filed the petitions. Absent stipulation to the contrary, appeal of these cases would lie to the U.S. Court of Appeals for the Ninth Circuit. *See* § 7482(b)(1)(B).

The IRS has routinely selected petitioner's returns for examination. As relevant to the pending motion, the IRS audited petitioner's 2010 through 2012 federal tax returns. On November 29, 2017, at the close of this audit, the IRS prepared and issued to petitioner a memorandum entitled "Notice of Failure to Correctly Report Financial Statements for Transfer Pricing Analysis" (exam memorandum). In relevant part, the exam memorandum stated:

> The purpose of this memorandum is to inform the Taxpayer that the transfer pricing method for Amgen USA during the tax years ended December 31, 2010 to 2012 may preclude the Taxpayer from having a reasonable cause for an underpayment attributable to a net section 482 [adjustment].

The IRS began its examination of the returns for tax years 2013 through 2015 approximately four months after it issued the exam memorandum. As relevant to this motion, the IRS had two teams working on the issues of (1) increasing petitioner's income to clearly reflect income and prevent the evasion of taxes under section 482 (transfer pricing adjustments) and (2) increasing petitioner's income on account of payments received in connection with healthcare reform fees imposed by section 9008 of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119, 859 (2010) (HCR fee

---

these years. On December 19, 2022, we granted a joint Motion to Consolidate Docket No. 16017-21, related to tax years 2010 through 2012, with Docket No. 15631-22, related to tax years 2013 through 2015. The motion at issue relates exclusively to the case at Docket No. 15631-22.

[*3] adjustments). The IRS Examination Division issue manager for the transfer pricing adjustments was Supervisory Revenue Agent (SRA) Andy Soemardi, and the IRS Examination Division issue manager for the HCR fee adjustments was SRA Gregory Horwitz.

During the examination revenue agents working on the transfer pricing adjustments recommended the assertion of accuracy-related penalties for gross valuation misstatements and substantial understatements of income tax. *See* § 6662(a), (b)(2), (3), (d), (h). Both penalties were approved in writing on February 27, 2020, by SRA Soemardi. One of the revenue agents also recommended the assertion of accuracy-related penalties for substantial valuation misstatements. *See* § 6662(a), (b)(3), (e). This penalty was approved in writing by SRA Soemardi on May 8, 2020. As for the team working on the HCR fee adjustment issue, a revenue agent recommended the assertion of accuracy-related penalties for substantial understatements of income tax. *See* § 6662(a), (b)(2), (d). This penalty was approved in writing by SRA Horwitz on March 10, 2020. Collectively, this Opinion will refer to penalties determined during the examination as examination penalties.

On May 8, 2020, the IRS issued the 30-day package to petitioner. Petitioner requested that the case be transferred to the Independent Office of Appeals (Appeals Office) for review. The Appeals Office reviewed the file and sent a draft of the notice of deficiency to the Office of Chief Counsel for review. An attorney with the Office of Chief Counsel recommended alternative accuracy-related penalties for negligence or disregard of rules or regulations regarding the transfer pricing adjustment and HCR fee adjustments. *See* § 6662(a), (b)(1), (c). On February 22, 2022, the attorney's immediate supervisor, Associate Area Counsel Shirley Mao, provided written approval for the alternative penalties, and the recommendation was sent back to the Appeals Office. Collectively, this Opinion will refer to penalties determined by the Office of Chief Counsel as Chief Counsel penalties.

The Appeals officer adopted this recommendation and asserted the Chief Counsel penalties. On February 28, 2022, the Appeals officer's immediate supervisor approved the penalties in writing. After this approval, the IRS issued the notice of deficiency on April 15, 2022. The notice increased petitioner's income related to the transfer pricing adjustments and HCR fees adjustments. As a primary theory, the IRS determined that petitioner was liable for accuracy-related penalties for gross valuation misstatements related to the transfer pricing adjustments and substantial understatements related to the HCR fee

**[\*4]** adjustments. The IRS made further alternative determinations that petitioner was liable for the remaining examination and Chief Counsel penalties.

Petitioner timely filed petitions for redetermination of the deficiencies. On June 12, 2023, respondent filed the motion now under consideration. On July 14, 2023, petitioner filed an Opposition to Motion for Partial Summary Judgment, arguing that the exam memorandum was the first formal communication regarding the penalties. Because the penalties were not approved in writing before the IRS issued the exam memorandum, petitioner argues that under our precedent the supervisory approval was not timely. On August 9, 2023, with leave of the Court, respondent filed a Reply to Opposition to Motion for Partial Summary Judgment.

## *Discussion*

### I. *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. *See FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). We may grant summary judgment where there is no genuine dispute of material fact and a decision may be rendered as a matter of law. *See* Rule 121(a)(2); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002). Furthermore, we construe the facts and draw all inferences in the light most favorable to the nonmoving party to decide whether summary judgment is appropriate. *See Bond v. Commissioner*, 100 T.C. 32, 36 (1993). The nonmoving party may not rest upon the mere allegations or denials of his pleading but must set forth specific facts showing that there is a genuine dispute for trial. *See* Rule 121(d); *Bond*, 100 T.C. at 36.

### II. *Supervisory Approval Under Section 6751(b)(1)*

For a corporate taxpayer, the burden of production as to penalties remains with the taxpayer because section 7491(c) does not apply to corporations. *See NT, Inc. v. Commissioner*, 126 T.C. 191, 195 (2006). The Commissioner does not have the burden of production as to supervisory approval under section 6751(b) for a penalty determined against a corporation in a notice of deficiency. *See Dynamo Holdings Ltd. P'ship v. Commissioner*, 150 T.C. 224, 232–33 (2018). Accordingly, respondent does not bear the burden of production for the penalties determined against petitioner. Petitioner raised as an affirmative

**[\*5]** defense to the penalties that respondent failed to comply with section 6751(b)(1).

Section 6751(b)(1) requires that the "initial determination" of a penalty assessment be "personally approved (in writing) by the immediate supervisor" of the person making that determination. In *Laidlaw's Harley Davidson*, the Ninth Circuit considered the timeline for obtaining supervisory approval of "assessable penalties," which are not subject to deficiency procedures. *Laidlaw's Harley Davidson Sales, Inc. v. Commissioner*, 29 F.4th 1066, 1071 (9th Cir. 2022), *rev'g and remanding* 154 T.C. 68 (2020). The Ninth Circuit held that, for an assessable penalty, written supervisory approval must occur "before the assessment of the penalty or, if earlier, before the relevant supervisor loses discretion whether to approve the penalty assessment." *Id.* at 1074. Absent stipulation to the contrary, these cases are appealable to the Ninth Circuit, and we thus follow its precedent. *See Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

Petitioner argues that *Laidlaw's Harley Davidson* is not applicable in these cases because the penalties at issue are subject to deficiency procedures. Therefore, petitioner asks that we delay ruling on this issue to allow the Ninth Circuit to address the appropriate timeline for supervisory approval for penalties subject to deficiency procedures. While petitioner is correct in noting the distinction in the type of penalties at issue, we recently held that for cases appealable to the Ninth Circuit, the holding in *Laidlaw's Harley Davidson* encompasses penalties subject to deficiency procedures. *See Kraske v. Commissioner*, No. 27574-15, 161 T.C., slip op. at 7–8 (Oct. 26, 2023). *Kraske* directly resolves the issue, and therefore we see no reason to delay ruling on it.

A relevant supervisor could lose discretion when a notice of deficiency is issued. *See Laidlaw's Harley Davidson Sales, Inc. v. Commissioner*, 29 F.4th at 1072. A supervisor may also lose jurisdiction over a case and thus the discretion to approve penalties when a case is transferred from the IRS Examination Division to the Appeals Office. *Kraske*, 161 T.C., slip op. at 8.

Because we follow the holding in *Laidlaw's Harley Davidson*, we reject petitioner's argument that the supervisory approval was not timely. Petitioner does not dispute respondent's assertions pertaining to the identity of each revenue agent who made the initial determination

[*6] after the examination began, the identity of that revenue agent's immediate supervisor, and the date on which the written approval was received. Thus, the relevant inquiry is whether the penalties were approved when the relevant supervisor had discretion over the penalties.

There is no indication that a determination was made or that any relevant supervisor lost discretion to approve either the examination penalties or Chief Counsel penalties after respondent issued the exam memorandum. In fact, respondent had not begun examinations for tax years 2013 through 2015 until four months after the exam memorandum was issued and the recommendations to assert the examination penalties and the Chief Counsel penalties would not be made for years. Thus, the issuance of the exam memorandum does not mark the point at which the relevant supervisors lost discretion to approve either the examination penalties or the Chief Counsel penalties.

The examination penalties were determined by revenue agents during the examination. SRA Soemardi and SRA Horwitz approved the examination penalties recommended by their teams before issuing the 30-day package and transferring the cases to the Appeals Office. Therefore, they retained discretion to approve the examination penalties, and the approvals were timely. *See Kraske*, 161 T.C., slip op. at 8. As for the Chief Counsel penalties, an attorney in the Office of Chief Counsel initially determined these penalties. *See Graev v. Commissioner*, 149 T.C. 485, 494–98 (2017) (holding that the initial determination may take the form of a recommendation from an attorney in the Office of Chief Counsel), *supplementing and overruling in part* 147 T.C. 460 (2016). Associate Area Counsel Shirley Mao approved the Chief Counsel penalties before the recommendation was transmitted to the Appeals Office. Therefore, Associate Area Counsel Shirley Mao had discretion to approve the Chief Counsel penalties when she approved them.

We find that respondent secured the supervisory approvals required under section 6751(b)(1) with respect to the penalties determined in the notice of deficiency. Accordingly, respondent is entitled to partial summary judgement on this issue.

To reflect the foregoing,

*An order will be issued granting respondent's Motion for Partial Summary Judgment in Docket No. 15631-22.*